(87 South. 790)

**MARSH et al. v. ROGERS.** (6 Div. 196.)

(Supreme Court of Alabama. Dec. 16, 1920.)

I. Wills ⬅️88(3)—Instrument with reservation of use for life held a "deed," and not a will.

Instrument, designated a "deed," whereby owner of land, in consideration of love and affection and the payment of $1, "do grant, bargain, sell, and convey" the land to named persons, reserving to herself the use and control of the land during her natural life, *held* a deed, and not a will, the operation thereof not being postponed until her death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deed.]

2. Wills ⬅️93—Whether instrument is will or deed is governed by intention of maker, as gathered from the instrument itself.

The controlling inquiry, in ascertaining whether an instrument is a will or a deed, is the intention of the maker, which is to be gathered primarily from the language of the instrument itself, except in case of inapt phraseology, in which case proof of instructions given to the draftsmen in reference to the nature of the paper he was expected to prepare is admissible.

---

[1] Ante, p. 49.

**3. Wills ⬦93—Evidence inadmissible to prove grantor intended deed to be a will.**

Where an instrument, designated a deed, was in the form of a deed, and made no effort to postpone its operation until grantor's death, extraneous proof was not admissible to prove grantor's intention as to whether the instrument was a deed or a will.

**4. Wills ⬦88(1)—Instrument not operative as a deed should be pronounced a will, if possible.**

In doubtful cases, if a paper can have no operation as a deed, but may as a will, it should be pronounced a will.

**5. Appeal and error ⬦228—That appeal from probate court was taken to equity instead of law side in circuit court did not affect court's jurisdiction, in absence of objection or exception.**

Where appeal to the circuit court from the probate court was based on the equity instead of the law side of the docket, notwithstanding Code 1907, § 2855, and the court proceeds to hear the case without objection or exception, the appeal from circuit court's judgment will not be dismissed by the Supreme Court, on the ground that circuit court had no jurisdiction, since the question of whether the case was one of equitable cognizance, or should have been considered a law case, did not go to the general powers of the circuit court to hear and determine it, but merely as to the capacity in which such court did so, in view of the act (Acts 1915, p. 598) whereby the chancery court was merged into the circuit court.

Appeal from Circuit Court, Blount County; W. J. Martin, Judge.

Proceeding by Florilla Rogers to probate an alleged will of Julia J. Marsh, deceased, contested by Lee Marsh and others. From a decree admitting the will to probate, contestants appeal. Reversed and rendered.

The following is the paper directed to be set out, which was admitted to probate as the last will and testament:

**Deed.**

(Julia J. Marsh to H. H. Marsh.)

The State of Alabama, Blount County.

Know all men by these presents, that for and in consideration of the love and affection I have for H. H. Marsh and my daughter Florilla Marsh, and the further sum of one dollar, to the undersigned grantor, Julia J. Marsh, in hand paid by H. H. Marsh and Florilla Marsh, the receipt whereof is hereby acknowledged, I do grant, bargain, sell and convey unto the said H. H. Marsh and at his death to Florilla Marsh the following described real estate, to wit: The S. E. ¼ of the S. E. ¼ of section 22, T. 12, R. 1 west; also about 10 acres in the N. E. ¼ of S. E. ¼ of section 27, T. 12, R. 1 west. It is expressly agreed and understood that I, the said Julia J. Marsh, have and control the above lands during my natural life and at my death to be used and controlled by the said H. H. Marsh during his natural life and at his death to become the property of my daughter, Florilla, to be used and controlled by her the balance of her natural life. It is understood and agreed that neither H. H. Marsh nor Florilla Marsh have power to sell the above lands, but at the death of the last of us three, the above lands shall belong to my heirs.

Situated in Blount county, Alabama.

To have and to hold to the said H. H. Marsh and Florilla Marsh as above indicated. And I do covenant with the said H. H. Marsh and Florilla Marsh, that I am lawfully seized in fee simple of said premises, that they are free from all incumbrances, and that I have a good right to sell and convey the same as aforesaid.

Given under my hand and seal this the 23d day of August, 1909.

Julia J. Marsh. [L. S.]
————. [L. S.]
————. [L. S.]

Witness:
E. Harmon.

her
Mrs. M. A. X Marsh.
mark

The State of Alabama, Blount County.

[This instrument was executed and acknowledged in the form provided by the statute for the acknowledgment of deeds.]

Jerone Edmundson and J. S. McLendon, both of Birmingham, for appellants.

The instrument is a deed and not a will. 127 Ala. 640, 29 South. 98, 85 Am. St. Rep. 145; 106 Ala. 31, 17 South. 456; 175 Ala. 517, 57 South. 709, Ann. Cas. 1914D, 125; 186 Ala. 545, 65 South. 49, Ann. Cas. 1915D, 994; 204 Ala. 63, 85 South. 270; 200 Ala. 196, 75 South. 954; 149 Ala. 25, 43 South. 16; 180 Ala. 412, 61 South. 341; 180 Ala. 396, 61 South. 75; 186 Ala. 545, 65 South. 49, Ann. Cas. 1916D, 994; 24 Ala. 122; 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; 194 Ala. 496, 70 South. 113; 197 Ala. 482, 73 South. 27.

Ward, Nash & Fendley, of Oneonta, for appellee.

The instrument is testamentary in substance, was not delivered, and conveyed no present interest. 2 Devlin on Real Estate, 1594; 25 Ala. 48; 32 Ala. 551; 6 Ala. 631; 2 Ala. 152; 94 Ala. 295, 10 South. 258, 16 L. R. A. 576; 180 Ala. 396, 61 South. 75; 201 Ala. 11, 75 South. 302; 36 Ala. 110, 76 Am. Dec. 320; 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28.

ANDERSON, C. J. [1] The instrument in question (which will be set out by the reporter) is in form a deed, has every earmark of one, and is unquestionably a deed, and not a testamentary document. There is no effort to postpone the operation of same until the death of the grantor, and the interest conveyed is not posthumous. Graves v. Wheeler, 180 Ala. 412, 61 South. 341; Mays v. Burle-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

son, 180 Ala. 396, 61 South. 75; Elmore v. Mustin, 28 Ala. 309; Sharp v. Hall, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; Phillips v. Phillips, 186 Ala. 545, 65 South. 49, Ann. Cas. 1916D, 994. The reservation by the grantor of the use and control of the land during her life did not postpone the operation of the deed until her death. Graves v. Wheeler, supra. On the other hand, the reservation of the use and control of the land during her life negatives an intention on her part to make it a testamentary document. If she meant it as a will, it could not become operative until her death, and the reservation of the use and control of the land during her life was needless, and the only necessity for such a reservation would be upon the idea and theory that it was a deed and could not be revoked by her. Mays v. Burleson, supra.

[2-4] The intention of the maker is the controlling inquiry, and that intention is to be gathered, primarily, from the language of the instrument itself; but this does not, in case of inapt phraseology, preclude proof of instructions given to the draughtsman, in reference to the nature of the paper he was expected to prepare. The instrument in question, however, is not in inapt phraseology or of doubtful meaning, and needed no extraneous proof to establish the intention of the grantor; but if the evidence as to the grantor's directions and instructions, as well as the surroundings and attendant circumstances, was admissible, it does not show that she intended to make a will instead of a deed. We are also aware of the rule that in doubtful cases, if a paper can have no operation as a deed, but may as a will, it should be pronounced a will; but this ruling can have no application here, as this cannot be regarded as a doubtful case.

There are certain expressions in some of our earlier cases, which are cited in brief of appellee's counsel, not in thorough harmony with our more recent cases; but these earlier cases have been dealt with specifically or generally in the case of Phillips v. Phillips, supra.

[5] It is suggested in brief of appellee's counsel that, as this appeal is from the equity side of the circuit court and is certified to this court by the register, instead of the clerk, and as the statute (section 2835 of the Code of 1907) authorized an appeal from the probate court to the circuit court, not the chancery or circuit court in equity, this court should dismiss this appeal ex mero motu. The chancery court was merged into the circuit court by the act of 1915 (Acts 1915, p. 598), and, while there was no effort to abolish the line of demarcation between equity and law cases, the two became but one court, and this appeal was of course properly taken to the circuit court, though the case should have more properly been placed on

the law instead of the equity side of the docket. This, however, was a mere matter of form, in this particular case, as the judge was judge both of the law and equity side and acted purely in an appellate capacity, reviewing the case upon the bill of exceptions taken in the probate court, and which is practically the same record that is presented to this court. Whether or not the case was one of equitable cognizance, or should have been considered a law case, did not go to the general powers of the circuit court to hear and determine same, but merely as to the capacity in which such court did so; and if this appellee, without objection or exception, permitted a consideration of same in the equity instead of the law side, we do not think that this court should of its own motion dismiss this appeal as for want of jurisdiction of the trial court to render the judgment or decree from which this appeal is taken.

The circuit court erred in not reversing the decree of the probate court declaring the instrument a will, and its judgment is reversed, and one is here rendered vacating the decree of the probate court in admitting the same probated as a will.

Reversed and rendered.

McCLELLAN, THOMAS, and BROWN, JJ., concur.