(135 So. 174)
## INDEMNITY CO. OF AMERICA v. BOLLAS.
### 6 Div. 614.

Supreme Court of Alabama.
Jan. 15, 1931.

As Modified on Denial of Rehearing May 21, 1931.

Further Rehearing Denied June 18, 1931.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

Fort, Beddow & Ray, of Birmingham, and Huey, Welch & Stone, of Bessemer, for appellee.

**BROWN, J.**

This action is by the insured against the insurer upon a policy of liability insurance to recover the amount of a judgment obtained against the insured by Myrtle Shackleford for personal injuries alleged to have been received in an automobile accident involving the automobile of the insured and the automobile in which said Mrs. Shackleford was riding at the time of her injury

The policy as pleaded is that, for a consideration paid by the plaintiff to the defendant, it insured the plaintiff "against loss and, or, expense arising or resulting from claims upon plaintiff for damages, for which plaintiff might be legally liable by reason of the ownership, maintenance, or use of one Hupmobile Sedan, 1928 model, while within the continental limits of the United States, if such claims are made on account of bodily injuries accidentally suffered *or alleged to have been suffered* by any person *as the result of an accident occurring* while the policy was in force," defendant obligating itself "to investigate all accidents covered by said policy and to defend in the name and on behalf of plaintiff in any proceedings against plaintiff to enforce a claim, *whether groundless or not*, for damages suffered, or alleged to have

been suffered by any person as the result of an accident occurring while said policy was in force and to pay all costs taxed against the plaintiff in any legal proceeding against the plaintiff and any interest accruing upon any judgment rendered in connection therewith." (Italics supplied.)

It is further averred: "That on to-wit, September 9th, 1928 (within the period covered by the policy) plaintiff was driving his said automobile from Birmingham, through Fairfield and to Bessemer, Alabama, and along what is known as the North Bessemer Highway or the Warrior River Road, the two names being used to designate the same road, and that thereafter, and on to-wit, September 19th, 1928, one Myrtle Shackleford filed her suit against this plaintiff in the Bessemer Division of the Circuit Court of Jefferson County, Alabama, alleging in her complaint, among other things, that the plaintiff on said September 9th, 1928, while driving his said automobile along said public highway and at a point thereon immediately Westward of Fairfield and between Fairfield and Westfield, negligently ran his said automobile against the automobile in which the said Myrtle Shackleford was then and there riding, thereby breaking her right arm," etc. (cataloguing other injuries).

Plaintiff further avers: *"That thereupon the defendant accepted its responsibility under said policy*, and took charge of the defense of said case, filed demurrers to the complaint therein and propounded interrogatories to the plaintiff therein and continued to handle said case, until, to-wit, ten days before said case stood for trial, when defendant *wrongfully withdrew from said defense*, and left plaintiff to defend himself *in violation of the terms of said policy*, which action on the part of the defendant required plaintiff to contract large sums of money for attorney's fees, to-wit: $1,200.00, and incurred large expense in and about the preparation and trying of said case, to-wit, $200.00, and that the trial of said case resulted in a verdict and judgment in favor of said Myrtle Shackleford and against this plaintiff in the sum of $1,500.00 damages, and the court costs, to-wit, $80.35, which said judgment bears interest at the rate of eight per cent per annum, etc. * * * Plaintiff further avers that notwithstanding the fact that defendant has had notice of said judgment and the expenses of said trial and cost it has failed and refused to pay the same as it was its duty under said policy to do." (Italics supplied.)

The demurrer to the complaint, which was overruled, takes the point that the complaint does not aver "that the plaintiff has sustained a loss as the result of an accident covered by and occurring while the policy of insurance sued upon was in force;" that the averment *"that thereupon defendant accepted its responsibility under said policy,"* and the averment that it *"wrongfully withdrew from said defense,"* were but the conclusions of the pleader.

■ The policy contract pleaded, when read in the light of section 8376 of the Code 1923, is not one of indemnity against loss merely, but is one of insurance against liability for damages and necessary expenses incident to investigating and defending against claims upon plaintiff "for damages for which plaintiff might be legally liable by reason of the ownership, maintenance or use" of the automobile, "if such claims are made on account of bodily injuries accidentally suffered, or alleged to have been suffered, by any person, as the result of an *accident occurring* while the policy was in force." Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761.

■ In addition to the stated obligations, the insurer obligated itself to investigate all accidents covered by said policy and to defend in the name and on behalf of the insured in any proceeding against him "to enforce such claim, arising out of accident, *whether groundless or not.*" And, by the terms of the statute, the liability of the insurance company for loss, injury, or damages becomes absolute "whenever a loss occurs on account of a casualty covered by such contract of insurance," and the payment of said loss "shall not depend upon the satisfaction by the assured of a final judgment against him for loss or damage or death occasioned by said casualty." Lunt v. Ætna Life Ins. Co., 253 Mass. 610, 149 N. E. 660.

And in Klotzbach v. Bull Dog Auto Fire Ins. Ass'n (Mo. App.) 267 S. W. 39, 40, the court observed: "There is abundant authority which supports our view that, where a contract is so expressed as to place on the indemnitor, whose promise is to indemnify against loss, the additional obligation of performing some act in regard to the subject-matter of the indemnity for the benefit of the indemnitee [such as defending in his name and behalf], on his neglect to perform the act, an immediate right of action will accrue to the indemnitee whether or not he has sustained any actual damage." See 36 C. J. 1096, § 75.

■ And in such case, where the insurer assumes the obligation to defend against claims of liability, whether well grounded or not, and has notice and an opportunity to defend, whether he does so or not, the judgment obtained, without fraud or collusion, against the insured, possesses the elements of due process of law, and is conclusive upon the insurer as to all questions determined in that case that are material to a recovery in an action on the policy, such as that the damages claimed were the result of

an accident, if the accident as alleged was within the time covered by the policy. Federal Automobile Ins. Ass'n v. Abrams, 217 Ala. 539, 117 So. 85; 36 C. J. 1121, § 121; 31 C. J. 461, § 61; Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25. See, also, George v. Employers' Liability Assur. Corp., Ltd., 219 Ala. 307, 122 So. 175.

■ While it would be more in conformity to the rules of good pleading to aver that the injury resulted from accident, still the averment of the recovery of the judgment by Mrs. Shackleford, in connection with the other averments showing that the defendant assumed to defend for and in the name of the plaintiff in that action, and had opportunity to do so, was equivalent to an affirmative averment that said Shackleford was injured as the result of an accident.

■ The purpose and effect of the averment, "Thereupon the defendant *accepted its responsibility under said policy and took charge* of the defense of said case, filed demurrers to the complaint and propounded interrogatories to the plaintiff therein and continued to handle said case until, to-wit, ten days before said case stood for trial, when defendant wrongfully withdrew from said defense, and left plaintiff to defend himself in violation of the terms of the policy," is to show a breach of the alleged obligation "to defend in the name and on behalf of plaintiff in any proceedings against plaintiff to enforce a claim, whether groundless or not," etc., and is not a mere conclusion of the pleader. (Italics supplied.) Klotzbach v. Bull Dog Auto Fire Ins. Ass'n, supra.

We are not of opinion, therefore, that error was committed in overruling the demurrers to the complaint.

So far as appears from the record, the court made no ruling on the defendant's demurrers to replications 6, 7, and 9, and it appears that the demurrer to replication 8 was both overruled and sustained, as an answer to both pleas 4 and 5. Inasmuch as the last ruling was to sustain the demurrer to replication 8, as an answer to plea 4, it will be treated as out of the case in so far as it relates to said plea.

The rulings were just the reverse in respect to replication 8 as an answer to plea 5, the last ruling overruled the demurrer.

The substance of plea 5 is that plaintiff, in violation of the policy contract, fraudulently represented to the defendant that his automobile had not been in an accident with said Myrtle Shackleford or any one else, and replication 8 is that defendant, with full knowledge of the facts alleged in said plea, entered upon the investigation and defense of the case, without notice to plaintiff that it intended to withdraw, up to and within ten days of the trial, and that by its conduct it lulled the plaintiff into not proceeding with his investigation and preparing for his defense. Whatever else may be said of the replication, it was not subject to the stated grounds of demurrer.

The fact alleged in the fourth replication clearly does not avoid the defense asserted by plea 4—failure of the plaintiff to give immediate notice of the accident in compliance with the policy contract—and the demurrer to the replication as an answer to plea 4 was well sustained.

As an answer to plea 5, the fourth replication may be subject to the objection that it does not aver that defendant or its attorneys who were authorized to act for it at the time had knowledge of the fraudulent concealment of the facts of the accident by plaintiff, but this objection was not made, and it was not subject to the grounds stated in the demurrer. Code 1923, § 9479; Deslandes v. Scales, 187 Ala. 25, 65 So. 393.

■■ It is familiar law that: "An agent who is authorized only to solicit and take applications for insurance, receive the premiums, and deliver the policy after it has been signed by the proper officers has no authority, express or implied, to waive a breach of any condition of the policy after it has been delivered. Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; Ala. State Mut. Assur. Co. v. Long, etc., Co., 123 Ala. 667, 677, 26 So. 655; Phoenix Ins. Co. v. Copeland, 90 Ala. 386, 8 So. 48; 14 R. C. L. 1159, § 340; 26 Corp. Jur. 289, § 361. This is so not because of the express limitation on the agent's authority, but because such a waiver is not within the apparent scope of his authority." London & Lancashire Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909, 910. So, also, that the declaration of one assuming to act as an agent is not evidence of agency. Learned-Letcher Lumber Co. v. Ohatchie Lumber Co., 111 Ala. 453, 17 So. 934.

■ And, in the absence of express authority, an attorney at law, employed to defend or prosecute litigation, has no authority to waive his client's rights. Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271.

Construing the averments of the second replication most strongly against the pleader, said Nat M. Banks was nothing more than a local agent authorized to accept applications and deliver policies, and the replication does not aver that he was such agent on the 10th of September, 1928.

There is an absence of averment in the plea that the "unknown man" was defendant's agent with authority to waive a breach of the policy, and the alleged declaration of such "unknown man" was not sufficient to this end.

244

The attorneys, who were then engaged in representing the plaintiff, so far, as the averments go, did nothing to waive the breach of the policy alleged in plea 4 other than that they did not then "deny liability for the defendant because of the fact that no immediate notice of said alleged collision was given." Clearly this was not a question involved in the case then in hand, and the attorneys who were then appearing for the plaintiff had no implied authority to deny the liability of the defendant in the case to the plaintiff here. The eighth, ninth, and twelfth grounds of the demurrer to said replication were well taken, and the court erred in overruling the demurrer.

The waiver set up in replications 3 and 5 is by "the defendant," and is not subject to the objection noted as to replication 2; nor is it material that the replication alleges that defendant "waived" or "is estopped" to set up the alleged breach. Its character is to be determined by the facts averred, and not by what it is termed by the pleader. Ragsdale v. Kinney, 119 Ala. 454, 24 So. 443; Washburn, Adm'r, v. Union Cent. Life Ins. Co., 143 Ala. 485, 38 So. 1011; Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co., 123 Ala. 675, 26 So. 655; Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658.

Defendant's rejoinders 3 and 4 to plaintiff's replications show that the acts pleaded as waiving the defense asserted in plea 5 were done as a result of the repetition of the plaintiff's deceit in falsely representing to defendant that he had in fact had no accident. Some of the replications, notably 4 and 9, fail to allege that defendant, with knowledge of the facts pleaded in plea 5, waived said defense. The judgment here is that the court erred in sustaining the demurrers to rejoinders 3 and 4. Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787.

Plaintiff's surrejoinders 3, 4, and 5 are mere repetition of the matters pleaded in its replications, and do not confess and avoid the matters alleged in the rejoinder. The demurrer takes the point as was due to be sustained.

Defendant's rebutter 3 is subject to a like criticism, and the demurrer thereto was well sustained.

As the judgment must be reversed for the errors indicated, the many other assignments of error will not be considered, as the questions presented may not arise on another trial.

Plaintiff's theory, as indicated by the argument here, seems to be that the policy covers claims for personal injuries, though such be wholly groundless, depending upon a fabrication of facts, and that it was not incumbent upon him to show a casualty, or claim of casualty, *arising from an accident* in which the automobile described in the policy was involved. This court is not in agreement with this contention, and the case cited, Di Francesco v. Zurich General Accident & Liability Ins. Co., 105 Conn. 162, 134 A. 789, does not hold.

While knowledge on the part of the insured that he had inflicted an injury in the use of the automobile is not essential to bring the liability within the terms of the policy, so far as personal injury or death is concerned, it only covers a casualty, or claims of casualties, though groundless, *arising from an accident* in which the automobile named is involved.

The whole theory of the defense was that the plaintiff had violated the contract by failing to give notice, and in misrepresenting or concealing the facts in respect to the accident, misleading the defendant to its disadvantage in meeting its obligation to defend—defenses not precluded by the result of the suit by Mrs. Shackleford against plaintiff. George v. Employers' Liability Assur. Corp., Ltd., supra.

These defenses, as the authorities cited indicate, are subject to the doctrine of waiver and estoppel, properly pleaded.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.