141 So. 702

**FRANKLIN v. GEORGIA CASUALTY CO.
et al.**

**3 Div. 6.**

Supreme Court of Alabama.
April 14, 1932.

Rehearing Denied May 26, 1932.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

BROWN, J.

The bill in this case is filed under section 8377 of the Code to compel the insurance carrier, Georgia Casualty Company, to pay the judgment recovered by the complainant against Lorry Moore, the "additional assured."

The damages recovered by the complainant in the action at law were for the loss of services on account of bodily injury to his minor son, and medical expenses incurred in treating said injuries caused through the negligence of Moore, the assured, in the operation of an automobile covered by the policy of insurance. By the terms of the policy the respondent casualty company, for a stated consideration, engaged "to insure the assured against loss *by reason of liability imposed by law* upon the assured for damages on account of (a) bodily injuries, including death, at any time resulting therefrom to any person or persons, * * * accidentally suffered or alleged to have been suffered while this policy is in force by reason of the ownership, maintenance or use" of the automobile mentioned in the policy. (Italics supplied.)

The allegations of the bill are admitted by the answer of the casualty company, except in one respect, that is, that the damages recovered in the action at law are within the coverage of the policy.

By stipulation in writing, noted by the register as evidence, it is agreed that "the complainant amends his bill of complaint by adding thereto a copy of the policy issued by the Georgia Casualty Company and referred to in the bill of complaint, and by praying in the alternative for such relief as he might be entitled to either under the statute in such causes provided or under Paragraph E of the policy contract, and that the defendant Georgia Casualty Company waives any question as to the right to relief on the equity side of the court rather than the law side of the court, and admits the allegations of fact contained in the bill of complaint, but does not admit that the complainant is entitled to the relief prayed for. * * * It is further admitted that Lorry Moore is insolvent."

Paragraph E stipulates, inter alia: "The Company is bound to the extent of its liability under this policy to pay and satisfy and protect the assured against the levy of execution upon any final judgment that may be recovered upon any claim covered by this policy as in the policy set forth and limited, and an action may be maintained upon such judgment by the injured person or persons or such other party or parties in whom the right of action vests, to enforce such liability as in the policy set forth and limited."

Upon submission on pleadings and proof, the circuit court entered a decree dismissing the bill and taxing · complainant with the costs; hence this appeal.

 The case of Williams v. Nelson et al., 228 Mass. 191, 117 N. E. 189, 191, Ann. Cas. 1918D, 538, is cited by appellee casualty company to sustain its contention that the damages recovered by the complainant in his action against Moore are not covered by the policy. The pertinent utterances in that case are: "The husband of the female plaintiff recovered judgment against the insured for the loss or damages sustained by him because of the physical injury to his wife. The question is whether this judgment is for the 'bodily injury * * * of any person.' Bodily injury imports harm arising from corporeal contact. In this connection 'bodily' refers to an organism of flesh and blood. It is not satisfied by anything short of physical, and is confined to that kind of injury. It does not include damage to the financial resources of the husband arising from a bodily injury to his wife. Hey v. Prime, 197 Mass. 474, 84 N. E. 141, 17 L. R. A. (N. S.) 570, and cases cited."

The court in that case was not dealing with the coverage of the policy of insurance, but was construing the statute of Massachusetts, providing that: "Upon the recovery of a final judgment against any person * * * by any person, including administrators or executors, *for loss or damage on account of bodily injury or death*, if the defendant in such action was insured against *said loss or damage* at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment." (Italics supplied.) Statutes of Massachusetts 1914, c. 464, § 2; General Laws of Massachusetts of 1921, page 1997, c. 175, § 113, Vol. 2.

It may be noted that the language of that statute is more restricted than the language of the policy contract here involved, which covers the liability of the assured "*against loss by reason of the liability imposed by law upon the assured* * * * on account of (a) bodily injuries or death * * * to any person or persons* * * * accidentally suffered or alleged to have been suffered while this policy is in force by reason of the ownership, maintenance *or use*" of the automobile covered by the policy. (Italics supplied.)

The clause, "to any person or persons," refers to "loss by reason of the liability imposed by law upon the assured," and not to "bodily injuries or death."

To transpose the sentence, "against loss by reason of the liability imposed by law upon the assured, to any person or persons, on account of bodily injury or death."

In the case of Hey v. Prime, 197 Mass. 474, 84 N. E. 141, 142, 17 L. R. A. (N. S.) 570, cited in Williams v. Nelson et al., supra, the court was construing a statute providing for the survivor of certain causes of action, that is, "actions of * * * tort for assault, battery, imprisonment, or other *damage to the person*," and it was held that the common-law right of action in favor of the husband for the loss of the services of the wife could not

be classed as "damage to the person" and abated by the death of the tort-feasor.

The question presented in Brustein v. New Amsterdam Casualty Co., 255 N. Y. 137, 174 N. E. 304, 305, was whether or not the policy was in conflict with the statute of New York requiring such policies to carry "a provision insuring such owner against liability for damages for death or injuries to *person or property* resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner"; and whether or not that statute deprived the insurer of the right to limit its liability in scope and amount. And the holding in that case was that the policy which covered "accidents resulting in 'bodily injuries or death'" was not in conflict with the quoted statute, the primary purpose of which was "to meet the defense in an action on the policy that the owner was not at the time of the accident operating the car personally or by his agent, although it was being operated by a member of his family or another with his consent express or implied," and that, in cases where compulsory insurance was not required, the parties had the right to limit the amount and scope of the liability by their contract.

There is nothing in the report or the opinion in that case showing that the policy undertook to insure "against *loss by reason of liability to any person or persons imposed by law upon the assured*, on account of bodily injury or death, * * * accidentally suffered or alleged to have been suffered * * * by reason of the ownership, maintenance or use" of the automobile covered by the policy. (Italics supplied.)

Another point in the Brustein Case, supra, was the policy insured against "loss in respect to 'bodily injury or death' only," limiting liability to $5,000 for one person injured or killed, and Brustein's wife had recovered a judgment for $8,145 and the insurer had paid her $5,000 and costs, which it claimed fully discharged its liability under the policy. We are persuaded that it was on this ground the judgment in that case was reversed and the complaint dismissed by the Court of Appeals of New York.

There is nothing in the statute regulating casualty insurance in Alabama that denies to the parties the right by contract to extend the coverage of the policy beyond the exact terms of the statute, and, after due consideration, it is our judgment that the undertaking of the policy here involved was to insure the assured against loss by reason of liability *imposed by law* to any person or persons, on account of bodily injury or death, resulting from negligence in the operation of the automobile covered by the policy. Indemnity Co. of America v. Bollas, 223 Ala. 239, 135 So. 174; United States Fid. & G. Co. v. Baker (Ala. App.) 134 So. 894;[1] Id., 223 Ala. 172, 134 So. 896. And it is well settled that a father may recover, as damages resulting from the negligent bodily injury of a minor child, compensation for loss of services and medical expense in treating such injury. Birmingham Railway, Light & Power Co. v. Baker, 161 Ala. 135, 49 So. 755, 135 Am. St. Rep. 118, 18 Ann. Cas. 477; Bube v. Birmingham Railway, Light & Power Co., 140 Ala. 276, 37 So. 285, 103 Am. St. Rep. 33.

■■ Whether or not the provisions of the statute, Code, § 8377, are broad enough to give the complainant a remedy in equity against the insurer is another question. It has been expressly ruled by this court that, independently of the statute, and in cases not within its influence, the judgment plaintiff must be left to his remedies at law. Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; Continental Auto Insurance Underwriters v. Menuskin et al., 222 Ala. 370, 132 So. 883. And it is well settled that jurisdiction of the subject-matter cannot be conferred by consent of the parties. 7 R. C. L. 1029, §§ 57, 59 and 70; Power, Secretary of State, v. Ratliff et al., 112 Miss. 88, 72 So. 864, Ann. Cas. 1918E, 1146; McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Westbrook et al. v. Hayes, 137 Ala. 572, 34 So. 622.

The statute, Code 1923, § 8377, under which the bill was filed, was taken from the statutes of Massachusetts, and adopted as a part of the Code of 1923, after it had been construed by the Supreme Judicial Court of that state in the case of Williams v. Nelson et al., 228 Mass. 191, 117 N. E. 189, Ann. Cas. 1918D, 538, limiting the equitable remedy to a plaintiff who had recovered a judgment for damages on account of bodily injury to the plaintiff's person.

While the statute of Massachusetts has been repeatedly amended by the "General Court" (the constitutional legislative body of that state, "Part the Second," chapter 1, section 1, article 1, Massachusetts Constitution), broadening the scope so as to apply to judgments for damages other than for "bodily injury" of the plaintiff (Massachusetts Acts of 1923, c. 149, p. 143), its provisions have not been so extended in Alabama, and, assuming that the statute was adopted as a part of our law in the light of the construction it had received by the court of last resort of Massachusetts, it must be held that the judgment recovered by the complainant was not within the influence of the statute, and he must be left to his remedy by an action at law on the contract. Continental Auto Ins. Underwriters v. Menuskin et al., supra; George v. Employers' Liability Assur. Corp., Ltd. of London, England, 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438; State, for Use of Wadsworth et al. v.

---

[1] 24 Ala. App. 274.

Southern Surety Co., 221 Ala. 113, 127 So. 805, 70 A. L. R. 296.

The decree of the circuit court will, therefore, be corrected and modified so as to dismiss the bill without prejudice, and, as so corrected, will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, J.

■ The jurisdiction conferred by section 8377 of the Code on courts of equity to enforce liability against insurance carriers is statutory and limited, and, the averments of the bill not making a case within this statutory jurisdiction, the only decree disposing of the case that the court was authorized to render was one dismissing the bill. Williams v. Nelson et al., 228 Mass. 191, 117 N. E. 189, Ann. Cas. 1918D, 538; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Continental Auto Insurance Underwriters v. Menuskin et al., 222 Ala. 370, 132 So. 883.

■ The decree of the court from which the appeal was prosecuted was, therefore, not affected with error, and it would be an unwarranted assumption of authority for this court to reverse that decree and grant relief to the complainant, although the parties agreed that the trial court might assume jurisdiction and settle the controversy between the parties.

The cases cited by appellant in brief on the application for rehearing, Marsh et al. v. Rogers, 205 Ala. 106, 87 So. 790; Penny v. British & American Mortgage Co., 132 Ala. 357, 31 So. 96; and American Trust Co. v. Butler (C. C. A.) 47 F.(2d) 482, are therefore inapt, and do not sustain appellant's contention.

■ The circuit court, in equity, had authority, under the statute authorizing transfer of cases from the equity docket to the law docket, to transfer the case to the law docket, or, if the decree had erroneously granted relief to complainant, this court, on appeal, would have reversed that decree and remanded the case for such further proceedings. Continental Auto Insurance Underwriters v. Menuskin et al., supra.

We have re-examined the questions presented on appellees' application for rehearing and adhere to the holding of the opinion heretofore promulgated.

Both applications are therefore overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.