164 So. 383

## AMERICAN FIDELITY & CASUALTY CO. v. WERFEL.
### 3 Div. 146.

Supreme Court of Alabama.

Nov. 21, 1935.

Rehearing Denied Dec. 12, 1935.

John S. Tilley, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

286

BROWN, Justice.

The equity of the bill and the sufficiency of its averments on the points of attack by the defendant's demurrer were sustained on the former appeal. American Fidelity & Casualty Co. v. Werfel et al., 230 Ala. 552, 162 So. 103.

After the affirmance of the decree on demurrer in the appeal just mentioned, Graham, the judgment debtor, made no further appearance, but suffered a decree pro confesso to be entered against him.

The other defendant, Graham's insurer, filed an answer asserting two grounds of defense: First, that punitive damages were included in the recovery against Graham in the action at law, and such damages were not within the contemplation of the parties in entering into the insurance contract; and, second, that the injury suffered by the complainant was not within the coverage of the policy.

The obligation of the policy, the asserted basis of appellant's liability, is "To indemnify the assured * * * *against loss from the liability imposed by law upon the assured* arising or resulting from claims upon the assured for damages by reason of the ownership, maintenance or use of any of the automobiles or motor vehicles as enumerated and described in Statement VI of the schedule of statements only while operated for the purposes stated and subject to the limitations in Statement VIII of said schedule, to an amount not exceeding the limits hereinafter stated in Statement IV of said schedule, if such claims are made on account of *injury to persons:* (1) *Bodily injury or death* suffered by any person or persons, other than the assured or his employees excluded herein, as the result of an accident occurring while this policy is in force; including such first medical aid as shall be imperative at the time of any such accident." (Italics supplied.)

The evidence is without conflict that the judgment recovered against Graham was for a personal injury inflicted on the complainant by a motor vehicle used by Graham in the transportation of passengers for hire on a public street in the city of Montgomery; that said vehicle was ordinarily operated as a taxicab within the corporate limits of Montgomery, but on the occasion of the injury, the passengers then in transit were destined to a point outside the corporate limits, a distance of one mile to a mile and one-half.

It also appears that the insurance policy was issued to Graham and filed by him in pursuance of the provision of an ordinance of the city of Montgomery requiring such insurance or a bond as a prerequisite of a permit and license to operate said motor vehicle within the corporate limits of the city of Montgomery as such taxicab.

The purpose of the ordinance is clearly stated in its caption: "Providing for and requiring each and every person, firm, association, partnership, agency, trustee or corporation operating a taxicab for hire in the City of Montgomery to post and file with the City Clerk an indemnity bond or indemnity insurance policy for the protection of passengers and the public against injury to person or property proximately caused by negligence of such person, firm, association, partnership, agency, trustee or corporation, or the servant, agent, or employee of any of them, in the operation of such taxicab; and making it unlawful to operate a taxicab in the City of Montgomery without the filing of such bond and without the same being approved by the City Clerk." And in the body of the ordinance it is provided that the bond or indemnity insurance "shall contain a provision that it is for the benefit of and subject to suit or action thereon by any person, firm, association, partnership, agency, trustee or corporation who shall sustain actionable injury or loss, protected thereby, notwithstanding any provision in said bond or policy to the contrary."

■ Now, to deal with appellant's first contention: If the recovery against Graham included punitive damages assessed for the personal injury inflicted, this was a liability imposed by law and within the coverage of the policy, if the injury itself was covered by the policy. Franklin v. Georgia Casualty Co. et al., 225 Ala. 58, 141 So. 702; Indemnity Company of America v. Bollas, 223 Ala. 239, 135 So. 174.

Appellant relies on the provisions of the policy above set out, in connection with the following condition stated under the heading of "Exclusions":

"(C) This policy does not cover any loss arising or resulting from an accident occurring while any of said automobiles are being driven, manipulated or used * * * (5) elsewhere than within the territorial limits as provided, or for any purpose other than specified in Statement VIII of the schedule."

Statement VIII: "The above described automobiles and motor vehicles are and will be used only for *Taxicab* purposes, and will be operated as follows: *within the City of Montgomery, Alabama,* and this insurance covers no other use or operation."

It is conceded that the provisions of the city ordinance are to be read into the policy, and appellant insists that the provision of section 2 of the ordinance that, "The term 'taxicab' as herein used, *shall embrace and include all automobiles and other vehicles of like construction and operation, employed in the carriage of passengers for hire on the public streets and highways within the City of Montgomery, Alabama,* but shall not include any common carrier or passengers coming under the regulation and supervision of the Alabama Public Service Commission," is controlling. (Italics supplied.)

Appellant's insistence is that the character of the vehicle is to be determined by the destination of the load of passengers being carried, and when this is taken into account it is clear that the vehicle itself, at the time of the injury of plaintiff, was not being used "for taxicab purposes * * * within the City of Montgomery." In support of this contention, appellant cites the following cases: Interstate Casualty Co. of Birmingham v. Martin et al. (Tex.Civ. App.) 234 S.W. 710; Connell v. Commonwealth Casualty Co., 96 N.J. Law, 510, 115 A. 352; Sculthorpe v. Commonwealth Casualty Co., 98 N.J. Law, 845, 121 A. 751; Port Blakely Mill Company et al. v. Springfield Fire & Marine Insurance Company, 56 Wash. 681, 106 P. 194, 28 L.R.A. (N.S.) 593.

In the Texas case first above cited, the suit was on a bond required by a city or-dinance covering an automobile in jitney service "on a certain specified city route," and the death was caused by the automobile "two blocks away from and off the specified route, while the automobile was *not* being operated in the jitney service." It was held that "the provisions of the ordinance, license, and bond authorizing the use of the automobile on the specified route constituted a limitation on the promise to pay." (Italics supplied.)

We do not question the soundness of that pronouncement, but it sheds but little light on the controversy presented on this appeal.

The clear purpose of the city ordinance was to protect persons in the use of the public streets, and to require persons engaged in the business of transporting passengers for hire to indemnify them against loss or injury from the negligent or wrongful conduct of such carriers, their agents or servants.

 The injury in the instant case occurred on a street within the corporate limits to complainant while in the lawful use of the street, and the vehicle causing the injury was not within the influence of the Motor Carrier Act (Gen. Acts 1931, p. 303) and subject to the jurisdiction of the Public Service Commission. Hood v. State, 230 Ala. 343, 162 So. 543.

In the two New Jersey cases above cited, the defense that the injury was not within the coverage of the policy was denied and a recovery sustained.

The Washington case deals with the question of forfeitures, and we do not regard it as an apt authority.

 Taking the contract as a whole as constituted of the writing termed the policy and the ordinance, we are clear to the conclusion that the complainant's injury is within the coverage of the policy.

The decree of the circuit court is in accordance with these views, and is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.