166 So. 598

## STATE FARM MUT. AUTOMOBILE INS. CO. v. BURWELL.

## ROLEN v. STATE FARM MUT. AUTOMOBILE INS. CO.

3 Div. 144, 145.

Supreme Court of Alabama.
March 12, 1936.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Richard T. Rives, of Montgomery, for cross-appellant.

Cites: 32 C.J. 1140, 1156, 1158; 53 C.J. 929; Fullerton v. U. S. Cas. Co., 184 Iowa, 219, 167 N.W. 700, 6 A.L.R. 367; Ocean A. & G. Co. v. Bear, 220 Ala. 491, 125 So. 676.

John A. Yung, of Montgomery, for appellee.

BROWN, Justice.

The bill is by Henry W. Burwell, Jr., a minor, prochein ami, against appellant, the State Farm Mutual Automobile Insurance Company, J. Z. Rolen and J. F. Rolen, the last named being a minor, who appears and defends by guardian ad litem by the appointment of the court.

The case is here on the appeal of the insurance company from an interlocutory decree overruling its demurrers to the bill, and on the cross-appeal of J. F. Rolen from a like decree sustaining the demurrers of the insurance company to his cross-bill.

The bill is filed under the provisions of section 8377 of the Code 1923, which provides: "Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, *if the defendant in such action was insured against said loss or damage at the time when the right of action arose,* the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company *and the defendant,* applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." (Italics supplied.)

The statute was construed in the recent case of Franklin v. Georgia Casualty Co., 225 Ala. 58, 141 So. 702, where it was held that the jurisdiction conferred is statutory and limited. The statute has been applied in a number of cases; the most recent being American Fidelity & Casualty Co. v. Werfel, 231 Ala. 285, 164 So. 383; Id. (first appeal), 230 Ala. 552, 162 So. 103.

The bill seeks to compel the appellant to pay a judgment recovered by the complainant in the circuit court of Montgomery county against J. F. Rolen, the sole defendant in said suit, for personal injuries inflicted on the plaintiff as a proximate consequence of the negligence of said J. F. Rolen in causing or allowing the automobile of J. Z. Rolen to run upon or against him.

The bill alleges, in short, that when the cause of action arose on which said judgment was recovered, *said J. F. Rolen was insured by the respondent, the State Farm Mutual Automobile Insurance Company,* "against loss or damage on account of bodily injury by accident to any person, for which loss or damage he should be held re-

sponsible by reason of the use or operation of an automobile [specifically described]; that such insurance for bodily injury to any one person was in the sum of $10,000"; that Exhibit A to the bill is a copy of the policy; that the automobile described in said policy was the automobile causing the injury to complainant for which he had recovered such damages as evidenced by said judgment; that said J. F. Rolen was operating and using the same with the consent, permission, and authority of said J. Z. Rolen. (Italics supplied.)

Paragraph 4 of the bill avers that said J. F. Rolen is the minor son of the said J. Z. Rolen, and is maintained as a member of the family of J. Z. Rolen; "that the said J. Z. Rolen signed an application to the respondent, The State Farm Mutual Automobile Insurance Company, a corporation, for the said insurance policy; that the said application stated that the automobile described in said policy was used and operated by the members of the immediate family of the said J. Z. Rolen *and further stated that the said J. Z. Rolen owned another automobile, which other automobile he used for his own personal use;* that the said application [and also the oral statements made by the said J. Z. Rolen to the respondent, The State Farm Mutual Automobile Insurance Company, incorporated] *disclosed the fact that the automobile described in the policy hereto attached, was used for the pleasure and convenience of the members of the immediate family of the said J. Z. Rolen and was not used or operated by the said J. Z. Rolen for his personal pleasure or business; that the said policy was issued by respondent, The State Farm Mutual Automobile Insurance Company for the purpose of insuring respondent J. F. Rolen, who is a member of the immediate family of J. Z. Rolen, being a son of the said J. Z. Rolen, from the liability represented by complainant's judgment against the said J. F. Rolen and that it was the mutual understanding, representation and agreement of said J. Z. Rolen and respondent, The State Farm Mutual Automobile Insurance Company, to issue a policy to insure the members of the immediate family of said J. Z. Rolen against liability for damages for personal injuries suffered by any person by reason of any accident arising from the use or operation of the above described automobile while being driven by respondent J. F. Rolen, or any other member of the immediate family of* the respondent, J. Z. Rolen." (Italics and brackets supplied.)

By amendment a copy of the application was attached to and made a part of said Exhibit A, bringing into the record all the provisions of the policy and all the statements and recitals of the application therefor.

The provisions of the policy pertinent to the questions presented are:

"In consideration of the statements made by the *assured* in the application heretofore signed, which application forms a part of this contract as though it were fully recited herein, and of the membership fee and premium deposit which shall entitle the applicant to insure in this company as shown in the following schedule:

| | Member-<br>ship | Premium<br>Deposit |
|---|---|---|
| Section 3, For Liability & Property Damage......... | $5.00 | $9,00 |

"State Farm Mutual Automobile Insurance Company, hereinafter called the 'Company' does hereby insure *J. Z. Rolen,* of the City of Montgomery, State of Alabama, hereinafter called the *'Assured'* from the 15th day of February A. D. 1933, at 12:00 o'clock noon Standard time to the 15th day of August A. D. 1933, at 12 o'clock noon Standard time and for such terms of six months each thereafter as the premium deposit is restored as required by this policy and the application therefor, subject to the terms and conditions of this policy while the automobile insured is within the limits of the United States (excluding Alaska, the Hawaiian Islands and Porto Rico) and Canada." (Italics supplied.)

"Perils Insured Against.

"Part II—Property Damage and Liability.

"Against legal liability imposed upon the *Assured* resulting solely and directly from an accident by reason of the ownership, maintenance or use of the automobile described herein while the policy is in force not exceeding the amount specified in Clauses D and E respectively on account of * * *

"Clause E—Liability. Bodily injury, and/or death suffered or alleged to have been suffered by any person, other than the Assured or members of the same household as the Assured, or those in the service or employment of the Assured (whether oc-

curring during the hours of such service or employment or not), by an amount not exceeding $10,000 Dollars for one person and subject to the same limit as to each person, to an amount not exceeding $20,000 Dollars for two or more persons suffering bodily injury and/or death as a result of any one accident."

The company also agreed: "To investigate any such accident, upon receiving notice thereof, and to endeavor to make amicable settlement of any resulting claim."

Also: "To defend in the name of the Assured any suits which may be brought against the Assured by reason of any such accident and to pay all expense of litigation on account of suits brought against the Assured by reason of any such accident, and all costs taxed against the Assured in any such legal proceeding defended by the Company, together with interest accruing after entry of judgment upon such part thereof as shall not be in excess of the liability of the Company on account of such accident."

Under the heading "Risks Not Assumed by this Company," the policy stipulates: "The Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damage: (A) To robes, wearing apparel or personal effects under Part 1 above; (B) To any parts of the body, machinery and equipment of the automobile herein described while kept or stored separately or while not connected with said automobile; (C) Caused directly or indirectly by flood, invasion, insurrection, riot, civil war or commotion, military, naval or usurped power or by order of any civil or military authority; (D) *Unless the said automobile is being operated by the Assured, his paid driver, members of his immediate family, or persons acting under the direction of the Assured;* (E) Caused while the said automobile is being driven or operated by any person whatsoever either under the influence of liquor or drugs or violating any law or ordinance as to age or driving license; (F) If the automobile described herein is used in carrying passengers for compensation (actual or implied) or as a taxicab, or is rented or leased, or is operated in any race or speed contest, or is used for the transportation of high explosives of any nature, intoxicating liquors, or for the illegal transportation of any property." (Italics supplied.)

It is also stipulated: "This policy, together with the application, shall constitute the entire contract between the Company and the Assured, and no change in the agreements, statements, terms, conditions or representations of this policy, either printed or written, shall be valid unless made by endorsement hereon signed by a duly authorized officer of the Company and notice to or knowledge possessed by any agent or any other person shall not be held to waive, alter or extend any of such agreements, statements, terms, conditions, or representations. * * *

"Mutuality of Policy.

"The assured by accepting this policy becomes a member of this Company, and upon cancellation or other termination of the policy shall cease to be a member. The Assured agrees to make the payments provided for in this policy, when and as required by the Board of Directors and agrees to co-operate with the Company in preventing losses as far as possible to the end that the cost of insurance may be reduced to the lowest point consistent with solvency and sound insurance protection."

The written application brought in and made a part of the bill by amendment does not sustain the italicized averments of paragraph 4.

There is nothing in the "general insuring clause" of the policy that can be construed to protect any person other than J. Z. Rolen, named as the "assured." There is no contention that the policy contains what is referred to in the law of liability insurance as "the omnibus clause." Therefore, cases dealing with policies of that sort have no application here.

The contention of the appellee, upheld by the decree of the circuit court, is that clause D appearing under the heading, "Risks Not Assumed By This Company," enlarges the coverage of the policy and extends its protection to "members of his [assured's] immediate family."

The circuit court proceeding on the theory, stated in the language of the court's opinion, that "the policy should be construed so as to give force and effect to, and a field of operation for, every word therein contained. If ambiguous in any of its terms, the policy should be construed most strongly against the insurance company," sustains the contention of appellee, "that

there is no field for operation of the provisions that the company shall not be liable unless the said automobile·is being operated by (among others) members of the assured's immediate family, except to imply that members of the assured's immediate family are within the protection of said policy." If this interpretation is sound, it would follow that the policy names as "additional assured," by mere implication, not only the members of assured's family, but the assured's "paid driver" and all "persons acting under the direction of the assured." Such interpretation necessarily overlooks the setting of said clause D in the limitation, restricting the coverage of the policy to the protection of the named "assured," J. Z. Rolen, while the automobile covered by the policy was being driven by the assured or some one of the persons named in said clause D.

In the case cited and relied on by the appellee, Robert Fullerton v. United States Casualty Company, 184 Iowa, 219, 167 N. W. 700, 703, 6 A.L.R. 367, 373, the Iowa Court, interpreting a like clause in a contract of the same verbiage as the one before us, *where the named "assured" was asserting a claim,* observed: "This clearly does not limit the indemnity to claims for damages on account of injuries occurring while the insured is *personally* using the car, but extends to all claims of that nature made by reason of *his* ownership or maintenance thereof. While we have held that the owner of an automobile is not liable for injury caused to another by the neglect of a person, even a member of his own family, who attempts to operate the car without the authority, express or implied, of such owner, yet we have never held that one who purchases and owns an automobile for family use, and permits it to be used by the dependent members of his family for their own pleasure, *may not be held liable* for their neglect in such use of it." (Italics supplied.)

This utterance in no way conflicts with the holding of this court. Hudgens v. Boles, 208 Ala. 67, 93 So. 694; Erlich et al. v. Heis, 193 Ala. 669, 69 So. 530.

To state the proposition in other words, if in the circumstances a member of the assured's family is acting as the agent of the owner in driving the automobile, the owner is liable, and such agency may be inferred from the nature of the use and the circumstances attending the act. The stipulation, therefore, restricting liability to the operation of the automobile "by the assured, his paid driver, *members of his immediate family,* or persons acting under the direction of the assured," is not without a clear field of operation; its clear purpose was not to extend the coverage to the members of the assured's family by making them "additional assureds," but restricts the coverage to the protection of the assured against liability for damages imposed by law for personal injury or death, inflicted by the automobile while being driven by the assured, his paid driver, members of his immediate family, or persons acting under the direction of the assured. (Italics supplied.)

The cross bill is filed, not by the assured, a party to the contract, as in the case of Robert Fullerton v. United States Casualty Company, supra, but by a third party not in privity with either of the parties to the contract, and is therefore without equity. Jackson et al. v. Lucas, 157 Ala. 51, 47 So. 224, 131 Am.St.Rep. 17; 23 R.C.L. 338, 339, § 31.

The decree of the circuit court, in so far as it overruled the demurrers of the appellant, the State Farm Mutual Automobile Insurance Company, to the original bill is reversed. In so far as it sustained the demurrers of the insurance company to the cross-bill, the decree is affirmed. The cause is remanded to the circuit court for such further proceedings as the parties may be advised, not inconsistent with this opinion.

Reversed and remanded on the direct appeal, and affirmed on the cross-appeal.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.

THOMAS and KNIGHT, JJ., concur in that part of the opinion holding that the demurrers to the cross-bill were properly sustained, but dissent as to the interpretation of the policy, holding that the trial court ruled correctly.