SHORES, Justice.
Plaintiffs are the children of G. W. Dunn and Lucy Dunn. ,The defendants are children of G. W. Dunn by a previous marriage and Lucy Dunn by a previous marriage, each of whom had eight children. The plaintiffs claimed title to the property involved under an instrument[1] dated December 1, 1964, and asked the court to quiet title to the land in them. They asked the court to order the defendants to accept the sums of money set out in the instrument.
The defendants contended that the instrument was not a deed, and if it were intended to be, was void because it was not delivered or, alternatively, was void as vio-lative of the rule against perpetuities. They also asked the court to declare the instrument testamentary in character and, therefore, void because it was not executed in compliance with the statute controlling the execution of wills.
The trial court, after hearing the evidence, entered a decree finding:
That the instrument is a deed;
That the conditions in the instrument are conditions precedent, the performance of which is necessary to vest the title to the property in the plaintiffs and that compliance with those conditions could not be defeated by the defendants’ refusal to accept the sums set out in the instrument and proffered by the plaintiffs;
That the instrument is not void as viola-tive of the rule against perpetuities, in that the conditions to be performed were to be performed by the plaintiffs in their lifetime, or the title would not have vested in them but would have remained vested in the grantors had they failed to perform such conditions. The instrument did not give the right to perform the conditions to anyone other than the plaintiffs and, thus, title must vest, if at all, within their lifetimes; and
That there was a valid delivery of the deed.
The defendants appealed. We affirm.
*1125 Whether an instrument is a will or deed is governed by the intention of the maker,' as gathered from the instrument itself. In Marsh v. Rogers, 205 Ala. 106, 87 So. 790 (1920), the parties, attempting to have the instrument declared void, argued that it was testamentary in character, not delivered, and conveyed no present interest. This Court, speaking through Chief Justice Anderson, said of the instrument set out below [2]:
The instrument in question is in form a deed, has every earmark of one, and is unquestionably a deed, and not a testamentary document. There is no effort to postpone the operation of the same until the death of the grantor, and the interest conveyed is not posthumous. [Citations omitted.] The reservation by the grantor of the use and control of the land during her life did not postpone the operation of the deed until her death. [Citation omitted.] On the other hand, the reservation of the use and control of the land during her life negatives an intention on her part to make it a testamentary document. If she meant it as a will, it could not become operative until her death, and the reservation of the use and control of the land during her life was needless .
The intention of the maker is the controlling inquiry, and that intention is to be gathered, primarily, from the language of the instrument itself; but this does not, in case of inapt phraseology, preclude proof of instructions given to the draughtsman, in reference to the nature of the paper he was expected to prepare.
Marsh v. Rogers, supra, pp. 107-108, 87 So., p. 791.
The instrument in this case purports to be a deed, has all of the earmarks of a deed, and the court found that it had been delivered, the only disputed fact. The court correctly applied the law to the undisputed facts and correctly held that the instrument was a deed and was not void as violative of the rule against perpetuities. Thus, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.
APPENDIX
DEED
STATE OF ALABAMA
CRENSHAW COUNTY
KNOW ALL MEN BY THESE PRESENTS, that G. W. Dunn and Lucy Dunn, husband and wife, for and in consideration of the sum of One Dollar and love
*1126 and affection for our children, to us in hand paid by Nancy Lou Dunn deLaval and Erma Nell Dunn Armbruster, the receipt whereof is hereby acknowledged, do by these presents, and subject to the conditions stated herein, grant, bargain, sell and convey unto the said Nancy Lou Dunn deLaval and Erma Nell Dunn Armbruster, the following described real estate situated in Crenshaw County, Alabama, to-wit:
The NWV4 of SEVi less a strip across the north side thereof for a public road, the SWV4 of SEVi and NEV4 of SE'A, all in Section 20, Township 6, Range 18, containing 120 acres, more or less.
TO HAVE AND TO HOLD the afore-granted premises, subject to the conditions stated herein, unto the said Nancy Lou Dunn deLaval and Erma Nell Dunn Arm-bruster, their heirs and assigns.
The conditions of this conveyance are as follows and upon compliance with the conditions stated herein this deed shall be in full force and effect, otherwise the. same shall be null and void and of no effect:
1. The grantees shall pay to the following named persons, if living, and to their heirs at law if deceased, the following amounts:
$2,000.00 to Jimmie Lucile Weed.
$214.00 to Joy Elaine Weed King.
$214.00 to Judy Lynn Weed.
$428.00 to Marvin Tranum Weed.
$428.00 to Walter Mack Weed.
$428.00 to Mary Lucy Weed Geuder.
$428.00 to Audrey Ruth Weed Liegy.
$428.00 to Sandra Weed Short.
$200.00 to Hershel Lee Dunn.
$200.00 to Flora Rochelle Dunn Mudd.
$200.00 to Sanford Carroll Dunn.
$200.00 to Cubert Kelley.
$200.00 to Margaret Murl Dunn Williams.
$200.00 to Freeman Henderson Dunn.
$200.00 to Ruby Lee Dunn Hudson.
$200.00 to Clyde William Dunn.
Receipts from the above named parties shall be recorded along with this deed and shall be evidence of the compliance with this condition.
2. This deed shall be effective to pass title to the land described herein upon compliance with the conditions named herein, but shall not be effective and title shall not pass otherwise.
3. That portion of the land which is owned by grantor, Lucy Dunn, if rented out during the year of her death, is sold subject to the rent contract and if G. W. Dunn survives the said Lucy Dunn the land shall continue to be rented out each year and the rent money shall be put in Brantley Bank & Trust Company each year during the lifetime of my husband, G. W. Dunn, and out of this rent money the funeral expenses of Lucy Dunn shall be paid, and the balance of the rent money which has been accumulated shall be equally divided among the children of Lucy Dunn, each to share and share alike.
4. Grantors reserve a life estate in their respective lands so long as each of them shall live.
Given under our hands and seals this 1st day of December, 1964.
/s/ G. W. Dunn
G. W. Dunn
/s/ Lucv Dunn
Lucy Dunn
Attest:
/s/ Ben H. Lightfoot
STATE OF ALABAMA
CRENSHAW COUNTY
I, Ben H. Lightfoot, a notary public in and for said county in said state, hereby certify that G. W. Dunn and Lucy Dunn, husband and wife, whose names are signed to the foregoing conveyance, and who are known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, they executed the same voluntarily on the day the same bears date.
Given under my hand and official seal this 1st day of December, 1964.
/s/ Ben H. Lightfoot
Notary public

. The instrument in its entirety is attached as an appendix to this opinion.

. “Deed.
“(Julia J. Marsh to H. H. Marsh.)
“The State of Alabama, Blount County.
“Know all men by these presents, that for and in consideration of the love and affection I have for H. H. Marsh and my daughter Florilla Marsh, and the further sum of one dollar, to the undersigned grantor, Julia J. Marsh, in hand paid by H. H. Marsh and Florilla Marsh; the receipt whereof is hereby acknowledged, I do hereby grant, bargain, sell and convey unto the said H. H. Marsh and at his death to Florilla Marsh the following described real estate, to wit: The S.E. 'A of the S.E. ‘A of section 22, T. 12, R. Í west; also about 10 acres in the N.E. ‘A of S.E'. 'A of section 27, T. 12, R. 1 west. It is expressly agreed and understood that I, the said Julia J. Marsh, have and control the above lands during my natural life and at my. death to be used and controlled by the said H. H. Marsh during his natural life and at his death to become the property of my daughter, Florilla, to be used and controlled by her the balance of her natural life. It is understood and agreed that neither H. H. Marsh nor Florilla Marsh have power to sell the above lands, but at the death of the last of us three, the above lands shall belong to my heirs.
“Situated in Blount county, Alabama.
“To have and to hold to the said H. H. Marsh and Florilla Marsh as above indicated. And 1 do covenant with the said H. H. Marsh and Florilla Marsh, that I am lawfully seized in fee simple of said premises, that they are free from all incumbrances, and that I have a good right to sell and convey the same as aforesaid.
“Given under my hand and seal this the 23d day of August, 1909.
“Julia J. Marsh. [L.S.]
“-[L.S.]
“-[L.S.]
“Witness:
“E. Harmon.
“Mrs. M. A. (her X mark) Marsh.”