# Wytheville.

## UNION INDEMNITY COMPANY v. CARRIE H. SMALL, ADMX.

June 12, 1930.

Absent, Holt and Epes, JJ.

The opinion states the case.

*Rixey & Rixey*, for the plaintiff in error.

*S. M. Brandt* and *Moses Ehrenworth*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

On the 5th day of October, 1926, W. A. Small recovered a judgment against Hugh Claud for $2,500.00, for personal injuries suffered by' Small due to the negligent operation of an automobile by Hugh Claud. Executions issued upon said judgment were returned by the sergeant of the city marked "No effects," by reason of the insolvency of Hugh Claud. Prior to the accident, to-wit, on January 18, 1926, Union Indemnity Company issued to M. P. Claud an automobile liability policy upon a Ford automobile owned by M. P. Claud and used for business and pleasure. The policy contained, among others, the following provisions:

"Condition E. No action shall lie against the company to recover for any loss under or by reason of this policy unless it shall be brought by and in the name of the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after actual trial of the issue or agreement between the parties with the written consent of the company, nor unless such action is brought within two years after such judgment against the assured has been so paid and satisfied. The company does not prejudice by this condition any defense to such action it may be entitled to make under this policy."

"Condition K. The unqualified word 'Assured,' wherever used in this policy, shall be construed to

include, in addition to the named assured in this policy, any person or persons while riding in or legally operating any automobile insured hereunder and any person, firm or corporation legally responsible for the operation thereof with the permission of the named assured, or if the named assured be an individual, with the permission of an adult member of the assured's household other than a chauffeur or domestic servant, except that the terms and conditions of the policy shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station and the agents and employees thereof."

On the 9th day of January, 1928, W. A. Small departed this life intestate; a short time thereafter Carrie H. Small qualified as administratrix and on the third Monday in March, 1928, brought the present action which resulted in a judgment against the company for $2,500.00.

It is assigned as error that the court erred in overruling the motion of the defendant to set aside the verdict of the jury and enter judgment for the defendant on the ground that the policy of insurance provides (Condition E) that no action shall lie against the company except for loss actually sustained and paid in money by the assured in satisfaction of a judgment, and the assured has neither sustained any loss or paid any part of the judgment.

In support of this position the company cites *Combs v. Hunt*, 140 Va. 627, 125 S. E. 661, 665, 37 A. L. R. 621. In that case it appears that Helen Combs recovered a judgment against Arthur Hunt for injuries sustained by her as the result of a collision between an automobile in which she was riding and Hunt's automobile, which he was negligently operating at the time of the accident. Upon the judgment against Hunt an

execution was issued, and, it appearing that Hunt held an indemnity policy issued to him by the Georgia Casualty Company, a process of garnishment was served on the casualty company as garnishee, pursuant to the provisions of section 6509 of the Code. Upon this trial, the casualty company demurred to the evidence, the court sustained garnishee's demurrer to the evidence, and entered judgment accordingly. The policy involved was plainly one of indemnity against loss incurred by the assured through the actual payment of a judgment obtained against him, and did not cover liability insurance. It was undisputed that Hunt had not satisfied the judgment against him. In affirming the judgment of the trial court, Crump, P., after citing numerous authorities, said:

"According to this great current of authority it has been uniformly held that the only contracting parties are the assured and the indemnity company; that the injured party is in no sense privy to the contract; that the terms of the policy are clear and unambiguous; that the loss for which the company agrees to indemnify the assured is plainly stated; that payment of the judgment by the assured is a condition precedent to any claim on his part against the insuring company; that the circumstance that the company assumes the defense of the damage suit does not alter the terms of its liability; and that the parties having so contracted with each other the courts cannot change the terms of the contract between them. Such is the law accepted by the text writers. 7 Cooley Briefs on Ins. (Supp. vol.), page 1392; 1 Joyce on Ins. (2nd ed.), section 27-B; 2 Va. Law Review 475."

■ At the time the *Combs Case* was decided the field of construction was open and in no sense was the court limited in its construction of the policy by legisla-

tive enactment. Since that time, however, the legislature has seen fit to legislate upon the subject, and by an act approved March 20, 1924 (Acts 1924, page 504), it is provided:

"No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, * * * * shall be issued or delivered (to any person) in this State by any corporation or other insurer * * * * unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injuries sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, (that) then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the poilcy for the amount of the judgment in the said action, not exceeding the amount of the policy."

The act of 1924 was construed in *Indemity Insurance Co. v. Davis*, 150 Va. 778, 143 S. E. 328, and it was there held that a similar contention to the one here made by the defendant company was untenable. Our conclusion is that whenever it is made to appear that a judgment has been recovered against a party who clearly comes within the provisions of the policy fixing the status of an assured, then the liability of the insurer is definitely fixed, unless, of course, fraud or collusion is shown in the procurement of the judgment. The action of the court in refusing to set aside the verdict in

the instant case on the ground that the judgment against Hugh Claud remains unsatisfied is, therefore, approved.

It is next assigned as error that the court erred in its refusal to admit the following evidence offered by the defendant as set forth in Bill of Exceptions Number 2:

"That about noon on the day of the accident, Hugh Claud asked M. P. Claud, his father, the owner of the automobile, for permission to use the automobile; the said M. P. Claud then and there told Hugh Claud that he could not use the automobile for the reason that he smelt whiskey on his breath, and that he did not want him driving around town on a holiday; that said conversation took place at home; further that Hugh Claud followed his father, M. P. Claud, to the latter's office and again made request of M. P. Claud to be allowed to drive the automobile, and that said M. P. Claud again denied and refused him permission to use the automobile; that after the above two denials of permission, Hugh Claud took the automobile without any permission, drove it, and ran into Mr. Small, doing the damage for which the judgment was recovered against Hugh Claud."

In refusing to admit the evidence, the trial court based its conclusion on the ground that the evidence was irrelevant and immaterial, under the provision of Clause K, *supra*, it having been shown in evidence that Hugh Claud, the operator of the automobile at the time of the accident, was an adult member of the family of M. P. Claud, and therefore not only had the right to use the automobile without the permission of the assured, but had the right to grant permission to others to use it, including himself. This view, we think, is a misconception of the issues embraced in the pleadings.

There is no specific averment in the declaration that the plaintiff bases her right of recovery on the ground that the accident occured while Hugh Claud was operating the automobile under permission granted to himself. The basis of recovery is squarely placed upon this count of the declaration:

"That on the 31st day of May, 1926, one Hugh Claud, an adult member of the household of M. P. Claud, the named assured in the above policy of insurance, did, by and with the consent and permission of M. P. Claud, the named assured in the above policy and the consent and permission of one Reese Claud, another adult member of the household of said M. P. Claud, operate the automobile described and mentioned in the said policy of insurance, and while so operating said automobile did negligently run down and injure the said W. A. Small by reason of which the said W. A. Small did on the 5th day of October, 1926, obtain a judgment against the said Hugh Claud in the Circuit Court of the city of Portsmouth, in the sum of twenty-five hundred dollars ($2,500.00), with interest thereon from the 5th day of October, 1926, until paid, and forty-two and 78–100 dollars ($42.78) costs, which said judgment is now final."

There is but one construction that can fairly be placed upon the language employed, and that is that the present right of action depends upon the permission granted Hugh Claud by M. P. Claud, the named assured, or by Reese Claud, an adult member of the family of M. P. Claud, who, under the express provisions of Clause K, was empowered to grant permission to another to legally operate the insured automobile. Plaintiff saw fit to ground her right of recovery upon the permission granted Hugh Claud by M. P. Claud and Reese Claud. The question of whether or not, under the provisions

of Clause K, Hugh Claud could grant himself · permission to operate the automobile of M. P. Claud is not involved in this case.

In *Lloyd* v. *N. & W. Ry. Co.*, 151 Va. 415, 145 S. E. 372, 374, it is said: "It is a familiar rule of law that a plaintiff can only recover upon the case made by the pleadings."

Confining the plaintiff to the averments of the declaration, it was the duty of the plaintiff to prove, in consonance with the pleading, that Hugh Claud operated the automobile with the permission of M. P. Claud or Reese Claud. To rebut the grant of permission, if so approved, the burden shifted to the defendant. Thereupon, the question in issue became one of fact and should have been submitted to the jury trying the case.

For the error committed by the trial court in refusing to admit the evidence offered by the defendant, the judgment must be reversed, the verdict set aside and a new trial ordered.

*Reversed.*