# Richmond

THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION,
LIMITED V. RUTH TAYLOR.

March 14, 1935.

Present, All the Justices.

The opinion states the case.

*David Meade White,* for the plaintiff in error.

*B. H. Turnbull,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Richard S. Bushnell, a resident of the State of Massachusetts, while operating his car in Virginia, struck and injured Calvin Taylor, an infant. In an action instituted

by his mother and next friend, the infant recovered a judgment against Bushnell for $2,000. This judgment was paid by The Employers' Liability Assurance Corporation, Limited. Subsequent to that judgment, this attachment proceeding was instituted for the purpose of recovering $649.50, expenses incurred for medical, hospital and doctors' bills by Ruth Taylor, the mother, on account of bodily injuries sustained by Calvin Taylor in the accident. Richard S. Bushnell was named as principal defendant and the attachment was served upon him in his home State, which service, under the statute, has the same force and effect as an order of publication. The Employers' Liability Assurance Corporation, the co-defendant, being a foreign corporation licensed to do business in Virginia, process was served upon the Secretary of the Commonwealth. The principal defendant failed to appear, answer or plead to the attachment. The co-defendant filed an answer, stating that at the time of the service of the attachment it was not indebted to the principal defendant, nor did it have in its possession or control any property belonging to him.

Notwithstanding the fact that the principal defendant had not appeared and that the co-defendant denied that it was indebted to or had in its possession property belonging to him, the court proceeded to hear the evidence and rendered a personal judgment against Bushnell. Thereafter the court entered an order, in part, reading thus: "This day came the plaintiff, by counsel, and it having been suggested to the court that the order entered herein on the 14th day of July, 1933, is susceptible to misconstruction, the court now proceeding to interpret and declare the true intent and effect of said order doth declare that the same shall not operate as a personal judgment against the said principal defendant, Richard S. Bushnell, but as establishing the amount in which the said Bushnell was liable to the plaintiff which might be enforced against the effects, interest, property or estate of the said Bushnell in the hands of the co-defendant."

The court then compelled the co-defendant to exhibit its

contract of insurance covering the operation of the automobile owned by Bushnell and involved in the accident. Upon examination of this policy, the trial court rendered judgment thereon against the insurer for the amount of plaintiff's claim. To that judgment this writ was awarded.

■ In order to sustain a judgment in an attachment on the ground that the defendant is a non-resident, it is incumbent on the plaintiff to prove, (1) the legality of the claim; (2), (a) the personal service of process on the principal defendant, or (b) a property right of the principal defendant in the property seized, or (c) that there is a valid, existing liability due by the co-defendant to the principal defendant. The order of proof is immaterial, but unless proof of the claim and one of the essentials enumerated in (2) above are established, there can be no recovery in that proceeding.

Plaintiff concedes these elemental principles, but contends that the insurance company, by the terms of the policy, has so expressed its liability to Bushnell that plaintiff is entitled to subject that liability in this proceeding to the payment of its claim. This requires an examination of the insurance contract.

There are three divisions of the policy, designated Parts I, II and III. Part I is evidently in the form required by the statute of Massachusetts, and is entitled "Statutory Coverage and Statutory Conditions." One paragraph under this head reads:

"No recovery against the corporation by the assured shall be had hereunder until the amount of loss or expense shall have been finally determined either by judgment against the assured after actual trial or by written agreement of the assured, the claimant, and the corporation, nor in any event unless suit is instituted within two (2) years thereafter."

This division of the policy seems to apply to the operation of the automobile on the highways of Massachusetts.

Part III deals with damage to property, and is not involved in this case.

Part II is the coverage of the operation of the automobile beyond the confines of the State of Massachusetts and applies to its operation in Virginia at the time of the accident. It is entitled "Extraterritorial Liability Coverage," and provides, in part, as follows:

"In addition to the insurance provided by insuring clause 1 of this policy—To settle or to defend in the manner hereinafter set forth against claims resulting from the liability imposed upon the assured by law for damages on account of bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons within the limits of the United States of America or the Dominion of Canada elsewhere than upon the ways of the Commonwealth of Massachusetts, except those excluded hereinafter, and

"To pay and satisfy judgments rendered against the assured in legal proceedings defended by the corporation and to protect the assured against the levy of the execution issued against the assured upon the same."

Plaintiff's claim set forth in the petition for attachment is against Bushnell. The liability of the insurance company to Bushnell did not become fixed until the claim had been reduced to judgment against him. Until such judgment becomes final, the insurance company has a right, in the name of Bushnell, to contest the same. Neither Bushnell nor any one else could deprive the insurance company of that right. Simply because in an action between other parties it was found that Bushnell's negligence was the proximate cause of the injury to Calvin Taylor, it does not necessarily follow that Bushnell is precluded from raising that question in another action between different parties. In any view of the case, there could be no binding judgment against Bushnell until he had been duly served with process.

Plaintiff in her brief cites no applicable authority in support of her contention. In fact, she only cites two cases. One, *Combs* v. *Hunt and Georgia Casualty Co., Garnishee,* 140 Va. 627, 125 S. E. 661, 37 A. L. R. 621. In that case, Combs recovered judgment against Hunt for injuries sus-

tained by her as a result of his negligence in operating an automobile. The Georgia Casualty Company carried indemnity insurance on the car at the time of the accident. Execution was issued on the judgment and garnishment process served on the insurance company. The company denied liability to the judgment creditor. One of the provisions of the policy was that no action should be brought against the company on the policy, unless brought in the name of the assured for loss that he had actually sustained by the payment in money of a final judgment rendered after a trial in a suit against the assured for damages. It was held that the only contracting parties to the indemnity contract were the assured and the indemnity company; that the injured party was in no sense privy to the contract; that payment of the judgment by the assured was a condition precedent to any action on his part against the insurance company.

The other case cited is *Fentress* v. *Rutledge and Royal Indemnity Company, Garnishee,* 140 Va. 685, 125 S. E. 668, 669. Fentress recovered damages for personal injuries in the sum of $3,000, based upon the negligent operation of an automobile by Rutledge. Execution was issued against Rutledge and the Royal Indemnity Company, the insurance carrier, was served with garnishment process. Again the decision turned on the liability of the insurance company to the judgment debtor under the terms of the policy.

The court stated the point in issue, as follows: "The question for solution in this case is, Was there an existing liability on the garnishee company to Rutledge under the indemnity policy, so that the relation of debtor and creditor existed between the company and Rutledge, and the claim for indemnity was then enforceable at the action of Rutledge. If this was the status at the time the garnishee summons was served, then the garnishee became liable in this proceeding.

"The policy contract in this case is very dissimilar from that construed by this court in the case of *Combs* v. *Hunt* [140 Va. 627], 125 S. E. 661, in an opinion rendered at the

present session, especially in that it does not contain the 'no action' clause, the effect of which was largely the subject dealt with in the case of *Combs* v. *Hunt.*"

In both cases judgment against the operator of the automobile had been obtained and collection was sought by the service of garnishment process upon the insurance company, and the question decided was whether under the contract the relationship between the judgment debtor and the company was that of debtor and creditor.

██ The same question arises here. Before there is established any fixed liability on the part of the company to Bushnell, the claim must be reduced to judgment. The company reserves the right, at its option, to settle or to defend any claim resulting from the liability imposed upon the assured by law for damages. The defense of the claim can only be made in the name of Bushnell, as the rule in this Commonwealth does not permit plaintiff, before reducing her claim to judgment, to maintain an action on the policy. The definite promise of the company to Bushnell was: "To defend as in this policy provided, or at the option of the corporation to settle, in the name and on behalf of the assured, any claims, suits or other legal proceedings alleging such injuries and demanding damages on account thereof, which may at any time be instituted against the assured on account of such injuries, although such claims, suits, legal proceedings, allegations and demands are wholly groundless, false or fraudulent."

This record shows that no legal proceedings have been instituted against Bushnell which he is required to answer. There had been no service of process upon him within this jurisdiction at the time the co-defendant was made a party. At that time, the only legal duty the company owed the assured was to defend him in an action in which he had been properly summoned or a property right in him had been seized. The fact that plaintiff established her claim to the satisfaction of the trial court in an action to which Bushnell was not a party, does not preclude him from disputing the validity of that claim in a subsequent action.

By the terms of the policy, there must be a valid trial of plaintiff's claim, resulting in a judgment against Bushnell, before the relation of creditor and debtor can be established between the insurer and the insured.

This is in harmony with the previous decisions of this court and with the legislative policy expressed in an act approved March 20, 1924, Acts of 1924, chapter 339, page 504, quoted in *Union Indemnity Co.* v. *Small, Adm'x,* 154 Va. 458, 153 S. E. 685.

For the reasons stated, the judgment of the trial court is reversed, and final judgment here entered for plaintiff in error.

*Reversed and final judgment.*