# Richmond

## State Farm Mutual Automobile Insurance Company v. Marie H. Justis.

March 11, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Rixey & Rixey* and *C. C. Sharp*, for the plaintiff in error.

*A. O. Lynch*, *Minitree J. Fulton* and *Milton P. Bonifant*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This controversy involves the right of Mrs. Marie H. Justis, injured in an automobile accident, to compel the State Farm Mutual Automobile Insurance Company to pay a judgment obtained in another action against Wade Arnold, under the provisions of a policy issued to V. J. Arnold. From an adverse judgment the State Farm Mutual Automobile Insurance Company, hereinafter called defendant, obtained this writ of error.

Mrs. Justis was injured on November 4, 1933, while riding as a guest in an automobile owned by V. J. Arnold, but operated by Wade Arnold, his brother. She instituted an action against Wade Arnold and V. J. Arnold, in which the jury returned a verdict against both defendants, but the trial court set aside the verdict against V. J. Arnold, and entered judgment on the verdict for $7,000 against Wade Arnold. An execution on this judgment was returned "no effects." Mrs. Justis then instituted this action on the policy to recover the amount of the judgment from the insurance carrier.

Defendant contends that under the terms and conditions of the contract of insurance, there is no liability on it until there is proof of legal liability on V. J. Arnold, and that this liability must be established in one of two ways; either by proving that a judgment had been obtained against V. J. Arnold, or by proof of the existence of an agreement, approved in writing by defendant, wherein V. J. Arnold had promised to pay the injured party. In support of this contention defendant relies upon the following extracts from the policy.

### "STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

\*       \*       \*       \*       \*       \*       \*       \*       \*

does hereby insure V. J. ARNOLD of the City of FOX HALL State of Virginia hereinafter called the "Assured," against the perils arising from the ownership, maintenance or use of an automobile as hereinafter specified, \* \* \* subject to the terms and conditions of this policy while the automobile insured is within the limits of the United States (excluding Alaska, the Hawaiian Islands and Porto Rico) and Canada, \* \* \*.

\*       \*       \*       \*       \*       \*       \*       \*       \*

"(9) *Suits Against the Company*. No suit or action on this policy for the recovery of any claim on account of any claim on account of loss or damage to the automobile described herein, shall be sustainable in any Court of law or equity unless the Assured shall have fully complied with all the requirements that relate to such loss or damage, nor until forty (40) days after the same shall become due, nor unless commenced within twelve (12) months next after the happening of the loss; nor shall any action to recover for any loss covered by this policy, arising or resulting from claims upon the Assured for damages, be sustainable unless it shall be brought by the Assured after the amount of

damages for which the Assured is liable, by reason of any casualty covered by this policy, is determined either by a final judgment against the Assured or by agreement between the Assured and the plaintiff with the written consent of the Company, nor unless such action is brought within two (2) years after the rendition of such final judgment; provided however, that where any such limitations of time are prohibited by the laws of the state wherein this policy is issued, then and in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state."

This contract does not, in express terms, contain the usual paragraph, generally known as the omnibus clause, extending coverage to members of the family, and others using the automobile with the consent of the owner. Defendant contends, in effect, that this contract is one of indemnity, issued for the sole protection of one person only, V. J. Arnold, "the Assured."

Plaintiff's contention, which is supported by the opinion of the trial court, is that the contract is one of liability, not only while the car is being operated by V. J. Arnold, but by members of his family, and other persons driving it with his consent.

In support of this contention she relies on the contract, and especially on paragraph 1, clause D, as well as certain parol evidence. The clause in question is found in paragraph No. 1, under the heading "Risks Not Assumed by The Company."

"(1) *Risks Not Assumed by The Company*. The Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damages; (A) To robes, wearing apparel or personal effects under Part I above; (B) To any parts of the body, machinery and equipment of the automobile herein described while kept or stored separately or while not connected with said automobile; (C) Caused directly or indirectly by flood, invasion, in-

surrection, riot, civil war or commotion, military, naval or usurped power or by order of any civil or military authority; (D) *Unless the said automobile is being operated by the Assured, his paid driver, members of his immediate family, or persons acting with the consent of the Assured.*" (Italics supplied.)

While clause D is sandwiched in between a number of other clauses excluding liability of defendant for certain enumerated risks, the implication from the language used is that the operation of the car by the owner or any person who may come within one of the three classes named, i. e., "his paid driver, members of his immediate family, or persons acting with the consent of the Assured," are included in the coverage. If this is not the meaning intended to be conveyed, the language used is confusing and misleading. At the oral argument the learned and experienced attorney for the defendant was asked repeatedly to explain just what was meant by the clause in question. The substance of his reply was that this form of contract was adopted for sale in many jurisdictions, and the clause was intended to cover operation of the car by the owner in all parts of the United States, (with certain exceptions) and Canada; that in many jurisdictions the liability of the owner of an automobile had been greatly extended, and the clause was inserted to cover this extended liability in force in many states. No convincing instance of this extended liability was given which revealed the necessity, or the field of operation for the language in question, that was not equally well covered by other terms and conditions set forth in the policy.

In some states, such as New York and California, the legislatures have extended the liability of the owners of the motor vehicles operated upon the highways, to include all loss or injury resulting from the negligence of any person legally using or operating the same with the consent of the owner. Some courts have extended this responsibility without the aid of the legislature, by imposing liability upon the owner for injuries resulting from the negligent operation of the auto-

mobile by members of the family. See *Young* v. *Masci*, 289 U. S. 253, 53 S. Ct. 599, 77 L. Ed. 1158, 88 A. L. R. 170, and note, page 174.

In those jurisdictions where this responsibility has been extended, the promise to indemnify the owner, as set forth in the contract, "against the perils arising from the ownership, maintenance or use" of the automobile, and the provisions of paragraph (9) heretofore quoted, seem to be sufficiently clear, without the use of the language in clause D. That is, if the described automobile is being operated in New York by any person with the consent of the owner, the owner is liable for all damage resulting from the negligent use or operation of said automobile. The policy, without Clause D, clearly protects the owner in any jurisdiction where the statute imposes liability upon him, whether he is driving the car or not. It protects him if it is being operated by an agent or servant in the course of his business. Clause D neither adds to nor detracts from this extended liability of the company. It is therefore difficult to conceive of any field of operation in which the language of clause D would be intelligible, unless it was intended to cover liability when loss or damage was inflicted by the negligent operation of a person who comes within the classes mentioned.

Defendant insists that the meaning of the policy is clear and unambiguous, and that it does not cover liability of any person except V. J. Arnold. In support of this contention it cites *State Farm Mutual, etc., Ins. Co.* v. *Burwell*, 232 Ala. 11, 166 So. 598, in which this same form of policy was before that court for construction. The court held that the insurer was not liable to pay a judgment obtained against the insured's son for injuring another party by negligent operation of the automobile described in the policy. That case was decided by a divided court. The majority opinion adopted the construction of the contract for which defendant contends. The minority placed the same construction upon the contract for which plaintiff contends. If the language of a contract is so ambiguous that the distinguished

jurists on the appellate court of Alabama are unable to agree upon the proper construction to be placed thereon, the meaning is sufficiently ambiguous for the courts in this Commonwealth to allow the introduction of parol testimony to establish the circumstances under which the contract was made, and the declarations of the parties, made at the time, as to the true meaning of the language used.

V. J. Arnold testified that previous to the time he purchased the policy under consideration he had a standard policy of liability insurance in a well known company which extended coverage to the operation of his car by members of his family, and others with his consent; that when he was solicited by the agent for defendant to transfer his insurance to defendant company, he asked what risks the policy covered. The agent replied, "it is the same policy that takes care of anybody driving the car, anybody in your family, anybody in the car, protects the whole car." It is conceded that Wade Arnold is a member of the family of V. J. Arnold, and that he was operating the car (at the time Mrs. Justis was injured) with permission of his brother V. J. Arnold. This witness later testified: "Naturally if I had known that the policy would not have covered the car I would not have let the boy have the car to go on that trip."

The application for the insurance was made on a lengthy form furnished by the company, in which the owner was required to give the history, value and full description of the automobile in question. In addition the owner was asked the following question: "Who besides the owner drives this car?" The answer was, "Family and authorized persons."

V. J. Arnold and his brother live in or near Norfolk. The injury occurred within seven miles of Petersburg. As soon as V. J. Arnold was informed of the wreck he immediately went to Petersburg, and there reported the accident to another agent of the company doing business in Petersburg. This agent communicated with the company by wire, and thereafter visited Mrs. Justis in the hospital, and there told her

that defendant would reimburse her for all expenses incurred because of her injuries, and would compensate her for her losses and damages resulting from the accident. It is true that a few days later, after the defendant had engaged an attorney, it immediately denied all liability, except such as might be fastened upon V. J. Arnold. We refer to these incidents for the purpose of showing that at least two agents, who are presumed to be familiar with the terms of the policy, apparently in good faith, construed it to mean that the company was liable for all loss or damage incurred from the negligent operation of the car by a member of the family or any person using and operating it with the consent of the owner.

It is a well known fact in this Commonwealth that the standard liability insurance policy in general use contains a clause extending the liability of the insurer to the operation of the car by members of the owner's family above a certain age, and to persons using the car with the consent of the owner. This extended coverage is couched in various terms, but usually the language is more or less similar to the language used in clause D of the policy now under consideration. *Maryland Casualty Co.* v. *Hoge,* 153 Va. 204, 149 S. E. 448; *Union Indemnity Company* v. *Small,* 154 Va. 458, 153 S. E. 685; *Cartos* v. *Hartford Accident & Indemnity Co.,* 160 Va. 505, 169 S. E. 594.

With these facts and circumstances, which were known to the contracting parties, in mind, we again turn to the ambiguous language in the contract and endeavor to ascertain the true intention of the parties. Defendant stands upon the contract, and offers no evidence tending to enlighten the court, other than the language it has chosen to express its intention. When asked to explain the use of this language it gave no convincing example of the necessity, or the possible happening of any contingency that would require an intelligent application of the language, other than to say that because it is placed in the policy under a certain heading, it should be construed as intended to ex-

clude, rather than to extend coverage. Plaintiff not only relies on the language of the contract, but offers evidence of the facts and circumstances under which the contract was made, declarations of defendant's agents made at the time the premium was collected, and subsequently, to the effect that members of the family and persons using the car with the owner's consent, were covered in the operation.

This parol evidence cannot be considered for the purpose of changing "the agreements, statements, terms, conditions or representations of this policy," but it may be admitted and considered for the purpose of determining the meaning of the ambiguous language in the contract, i. e., "The Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damages, * * *; Unless the said automobile is being operated by the Assured, his paid driver, members of his immediate family, or persons acting with the consent of the Assured."

Some force and effect must be given to this language, as it is the duty of the court to construe the contract as a whole, and in the performance of this duty it will not treat as meaningless any word thereof, if any meaning, reasonably consistent with other parts of the contract, can be given. *Smith* v. *Ramsey*, 116 Va. 530, 82 S. E. 189, 15 A. L. R. 32. In *Tate* v. *Tate's Ex'r*, 75 Va. 522, 527, this rule is expressed thus: "In the interpretation of written contracts, every part of the writing must be made, if possible, to take effect, and every word of it must be made to operate in some shape or other. And, where all other rules of construction fail, the words of the covenant must be construed most strongly against the covenantor."

Judge Burks in *Bank of the Old Dominion* v. *McVeigh*, 32 Gratt. (73 Va.) 530, 542, said: "Again, as has been said in another case, if there were any doubt as to the construction which should be given to the agreement, that construction should be adopted which would be more to the advantage of the defendants, upon the general ground that a party who takes an agreement prepared by another, and

upon its faith incurs obligations or parts with his property, should have a construction given to the instrument favorable to him; and on the further ground that when an instrument is susceptible of two constructions, the one working injustice and the other consistent with the right of the case, that one should be favored which standeth with the right." See *Home Beneficial Association* v. *Clark*, 152 Va. 715, 148 S. E. 811; *Swann* v. *Atlantic Life Insurance Company*, 156 Va. 852, 159 S. E. 192; *Kennard* v. *Travelers' Protective Association*, 157 Va. 153, 160 S. E. 38.

To adopt the construction now placed upon the contract by defendant would permit it to allow its agents to place one construction upon the contract when selling insurance and collecting premiums, and the company to place another and opposite construction upon the same language when called upon to assume liability for loss or damage resulting from the negligent operation of the automobile with the consent of the owner. Defendant chose the language in clause D, with full knowledge that somewhat similar language was used in the omnibus clause of standard policies extending coverage to the operation of described automobiles to persons within the classes named. If defendant, in good faith, intended to confine the protection offered for sale to the operation of an automobile solely by the owner, then it should have expressed its intention in clear and unambiguous language. To permit it to escape liability by the construction of the contract contended for, on the record in this case would result in the defendant perpetrating a fraud upon Wade Arnold, the brother of V. J. Arnold, for whose benefit the latter purchased the insurance.

It has been suggested that there is no privity of contract between plaintiff and defendant. This is quite true. In *Union Indemnity Co.* v. *Small*, 154 Va. 458, 153 S. E. 685, it was held that under section 4326a of the Code, that whenever it was made to appear that a judgment had been recovered against a party who came within the provisions of the policy, then the liability of the insurer was definitely

fixed. See *Employers' Liability Corp.* v. *Taylor*, 164 Va. 103, 178 S. E. 772.

Our conclusion, based on the ambiguous language set forth in the contract, the circumstances and declarations of the parties at the time the contract was made, and the subject matter, is that the contracting parties intended to extend coverage to the operation of the automobile by Wade Arnold. Hence proof of a judgment against him for his negligence in operating the automobile is a sufficient compliance with the terms and conditions set forth in paragraph (9) of the policy.

The judgment of the trial court is affirmed.

*Affirmed.*

HOLT, J., dissenting:

V. J. Arnold owned an automobile. His brother, Wade Arnold, lived with him, and on a certain occasion drove that machine with the consent of his brother, the owner. With him went Mrs. Justis. There was an accident in which she was injured. Compensation was sought in an action at law, to which both V. J. Arnold and Wade Arnold were made parties defendant.

That case came on to be heard upon its merits. There was a verdict and judgment in favor of Mrs. Justis, against Wade Arnold, but not against V. J. Arnold, as to whom a verdict of "not guilty" was returned. That is to say, in orderly procedure, V. J. Arnold has been held not responsible for those injuries which Mrs. Justis had suffered.

The petitioning company had issued to V. J. Arnold a policy of automobile insurance. Its coverage is a matter of contract, and is limited by the contract itself, unless enlarged or curtailed by some statute in effect at the date of its execution.

The protection to the assured is thus stated in the policy:

"This coverage protects the Assured against legal liability imposed upon the Assured resulting solely and directly from an accident by reason of the ownership, maintenance

or use of said automobile, on account of bodily injury and/or death suffered, or alleged to have been suffered by any person, other than the Assured or persons in the same household as the Assured, or those in the service or employment of the Assured."

Who is the "Assured?" We are told in the policy that it is V. J. Arnold.

In that policy is also this provision:

"* * * Nor shall any action to recover for any loss covered by this policy, arising or resulting from claims upon the Assured for damages, be sustainable unless it shall be brought by the Assured after the amount of damages for which the Assured is liable, by reason of any casualty covered by this policy, is determined either by a final judgment against the Assured or by agreement between the Assured and the plaintiff with the written consent of the Company."

This is a condition precedent. Not only has no final judgment against V. J. Arnold been entered, but it has been actually ascertained that he is not liable. It follows that the measure of liability of the insurance carrier cannot be considered at all, until the liability of the "Assured" has been fixed by final judgment.

For these reasons, I am constrained to dissent from the judgment of the court in this case.

EGGLESTON, J., concurring in dissent.