# BOOTH v. STATE FARM MUT. AUTOMOBILE INS. CO.

### No. 5115.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

845

Morton L. Wallerstein, of Richmond, Va., (Walter M. Evans, of Richmond, Va., on the brief), for appellant.

Ralph T. Catterall, of Richmond, Va., (Williams, Mullen & Hazelgrove and Guy B. Hazelgrove, all of Richmond, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Broadus Booth (hereinafter called Booth) was injured in an accident resulting from the driving of an automobile by Charles Strang (hereinafter called Strang). Strang was killed in the accident. Booth brought suit against Strang's administratrix and recovered judgment for $10,000. Execution was issued upon this judgment and there was a return of "No Effects". Booth then brought a civil action in the United States District Court for the Eastern District of Virginia against State Farm Mutual Automobile Insurance Company (hereinafter called the company) upon an insurance policy issued by the Company to Strang, covering the automobile driven by Strang which caused the accident resulting in the injuries to Booth.

Booth contended that the policy issued to Strang was a liability policy under which the Company was legally bound to pay the judgment obtained by Booth against the administratrix of Strang's estate. The Company contended that the policy covered only loss of, or injury to, Strang's automobile. Both Booth and the Company filed, under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, motions for summary judgment. The District Court overruled Booth's motion and granted the motion of the Company. Booth has duly appealed to this Court.

The District Judge, in an opinion filed January 26, 1943, stated:

"From the pleadings, the policy and the rider thereto attached, the admissions on file and the affidavits, the following facts appear:

"On July 26, 1941, Charles C. Strang bought a used automobile from the Lawrence Motor Company, and to finance the purchase, borrowed from the Southern Bank & Trust Company $399.35 and gave the Bank a lien on the car. The Bank required Strang to take out insurance on the car for the protection of the lien. For that purpose, only a policy insuring against loss or damage to the automobile was necessary. The Bank did not require a policy protecting Strang against liability for damage done by his automobile to the person or property of others. A policy-clause that insures against all kinds of loss or damage, except damage resulting from an impact of the insured chattel against another object, is called 'Comprehensive'; and a clause that insures against damage caused by such impact is called 'Collision.' Strang, in order to comply with the conditions imposed by the Bank that he insure his automobile completely against all forms of loss, damage or destruction, applied to the defendant for 'Comprehensive' and 'Collision' insurance and paid the premiums for those two types of insurance. The defendant issued to him a policy with a rider attached. The rider was issued as a part of the original policy; it was not issued later. The policy period provided in the policy is six months and for terms of six calendar months thereafter. The rider recites: 'In consideration of the payment of an additional $18.80, it is agreed that the term of this policy is hereby extended for two terms of six months each.' On the front page of the policy it is stated that it covered 'Liability' and 'Collision.' On the rider, immediately above the clause which recites the payment of an additional premium of $18.80, that sum is broken down as follows:

'COMP                    4.20
$25 DED                 14.60'

"The rider also contains the following provision:

" 'Nothing herein contained shall be held to alter, vary, waive or extend any of the

terms, conditions, agreements or limitations of the undermentioned policy other than as hereinabove stated.' "

Any ambiguity, or lack of clearness, in the policy, if such existed, arose from the fact that by obvious mistake the premium was entered on the first page of the policy under the heading "Section 1, A, Bodily Injury Liability", instead of under the heading "2 C, Comprehensive". On this same first page, under the caption "As stated in endorsement attached" was the symbol "x 330", and this same symbol, "x 330" appeared at the bottom of the rider.

We agree with the District Court that the policy and contemporaneous rider, when construed together as a single contract, in the light of the uncontradicted affidavits as to the facts surrounding the issuance of the policy, show clearly that the coverage of the policy extended only to "Comprehensive" and "Collision—$25 Deductible" insurance, and not to "Bodily Injury Liability."

■ The expressions on the top of the rider: "COMP 4.20" and "$25 DED 14.60" contain no real ambiguity, when read in connection with the policy. By the rider, the policy was extended for two terms of six months each. "COMP" could, in this connection, mean only "Comprehensive". "$25 DED" could mean only "$25 Deductible" in connection with collision insurance. The premiums for the two extensions of six months each would naturally and normally be twice the amount of the premiums for the original term of six months set out on the first page of the policy. $4.20 is just twice the specified premium of $2.10, entered by obvious mistake under the caption "1 A Bodily Injury Liability", instead of under the caption "C Comprehensive"; $14.60 is just twice the premium of $7.30 entered likewise under the caption "G Collision—Deductible— Actual cash value less $25.00 deductible". It is conceded that the premium charged is far less than the minimum fixed by Virginia law for liability insurance. We think it is unnecessary to add anything further to the opinion of the District Judge on this point. If there be any ambiguity here (we think there is not), parol, extrinsic evidence would seem to be admissible to explain the ambiguity. State Farm Mut. Automobile Ins. Co. v. Justis, 168 Va. 158, 190 S.E. 163.

■ Two other defenses were raised by the Company: (1) If the policy grants liability coverage, the policy is illegal and unenforceable, because the minimum premiums prescribed by the law of Virginia were not paid; (2) Booth cannot recover against the Company because no judgment has been obtained against the insured. Strang, since the judgment was obtained against Strang's administratrix. The District Court found it unnecessary to pass upon these two defenses; we feel there is no occasion for us to consider them.

The judgment of the District Court is affirmed.

Affirmed.