## Richmond

### CLYDE E. WHITE, JR. v. BLUE CROSS OF VIRGINIA AND BLUE SHIELD OF VIRGINIA.

March 10, 1975.

Record No. 740847.

Present, All the Justices.

*Albert L. Fary, Jr.*, for plaintiff in error.

*George H. Heilig, Jr. (Jett, Berkley, Furr & Heilig,* on brief), for defendants in error.

Per Curiam.

Clyde E. White, Jr. (plaintiff), brought this action to recover $842.15 which he said was due under health insurance contracts issued by Blue Cross of Virginia and Blue Shield of Virginia (defendants). We awarded a writ of error to review a summary judgment awarded defendants in the trial court.

The facts are not in dispute.[1] On May 23, 1972, plaintiff, through his employer's group, made application to defendants for a medical-surgical contract and a hospital service contract covering plaintiff, his wife and the other members of his family. After a mandatory waiting period, defendants issued their contracts which extended the coverage applied for effective July 1, 1972. Plaintiff paid each of the nine succeeding monthly premiums as they became due, including the premium due on March 1, 1973.

After the ninth monthly premium had been paid, plaintiff's

---

[1] The parties agree that the pertinent facts are before us under plaintiff's answers to defendants' requests for admissions made under Rule 4:11, Rules of Court.

wife, Donna White, gave birth to a child on March 8, 1973, incurring hospital and medical-surgical charges of $842.15. Plaintiff filed a claim seeking payment by defendants of these charges. Defendants refused payment of the claim, relying on the following contractual restriction:

> "Benefits under this contract for obstetrical service shall be available only to the subscriber or the spouse of the subscriber and then only if the subscriber shall have been paying the subscription charge applicable for such services for at least nine (9) months immediately preceding the date on which the obstetrical services are rendered . . . ."

After the filing of plaintiff's admissions, fn. 1, *supra*, defendants filed a motion for summary judgment. After argument the trial court, holding that "the nine month period referred to in . . . the contract means a full and complete nine month period regardless of when during the month the premium is paid . . . ," entered summary judgment for defendants.

We reverse and enter final judgment in favor of plaintiff for $842.15. While the language of the restriction may be susceptible to the construction given to it by the trial court and the defendants, it is likewise susceptible to the construction urged by plaintiff, namely, that obstetrical service is covered after the payment of at least nine monthly premiums for such coverage. Where the policy is susceptible to two constructions, one of which would effectuate coverage and the other not, it is the court's duty to adopt that construction which will effectuate coverage. *Mollenauer* v. *Nationwide Mut. Ins. Co.*, 214 Va. 131, 132, 198 S.E.2d 591, 592 (1973).

*Reversed and final judgment.*