## CIRCUIT COURT OF ROCKINGHAM COUNTY

Gene E. Clatterbuck et al.

v.

Life Insurance Co. of Va.

August 6, 1976

Case No. (Chancery) 7465

By JUDGE JOSHUA L. ROBINSON

This Motion for Declaratory Judgment presents the question of whether a Group Health and Accident Insurance policy covered dental expenses resulting from accident while the policy was in force, but for which the professional services were rendered after termination of the policy. The Court holds that the Insurer is liable for necessary and required dental and hospital services which are a continuation of treatment begun while the policy was in force.

The defendant, Life Insurance Company of Virginia (Insurer), issued a Group Health and Accident Policy to the employees of the United Virginia Bank/Spottswood (Bank) on February 1, 1968. The policy covered the plaintiff, Gene E. Clatterbuck, and his dependents, including Mark, his infant son. On July 15, 1969, Mark was injured in an accident in which he sustained injuries to his mouth and teeth which required extensive and prolonged dental and orthodontic treatment.

Mr. Clatterbuck's employment with the Bank terminated in July 1972, and the Insurer refuses to pay for dental treatment subsequent to that date, although it was necessitated by the otherwise covered injury.

The defendant relies upon the Insuring Clause and the General Provisions of the Policy:

## SECTION I - INSURING CLAUSE

1. If an insured individual, while insured under this Part, incurs expense for any covered . . . charges, the Company. . . will pay. . . Benefits. . . . Charges shall be deemed to be incurred on the date on which the particular care, service, treatment or supply giving rise to the charge is rendered or obtained.

General Provisions. . .

The Group Policy provides that your insurance will terminate upon the earliest of the following dates:

\* \* \* \* \*

(e) the date of termination of your employment . . . .

Your Dependents' Insurance shall terminate upon the earliest of the following dates:

\* \* \* \* \*

(e) the date of termination of your insurance . . . .

The insurer argues that the charges were not "incurred," as defined in the insuring clause, prior to the termination of the coverage. However, it is the duty of the Court to construe the contract as a whole, *State Farm* v. *Justis*, 168 Va. 158, 167 (1937); the terms and conditions of insurance policies are to be considered as a whole. *Surety Corporation* v. *Elder*, 204 Va. 192, 197 (1963).

The Major Medical Expense Insurance portion of the policy includes the following:

## SECTION IV - LIMITATIONS

The benefits provided under these Major Medical Expense Insurance Provisions will not be payable for the following care, services, treatments or supplies:

* * * * *

7. Those due to dentistry, *except* with respect to (1) treatment by a duly licensed dentist, *begun* within 90 days after an accident sustained while insured hereunder of injuries sustained in such accident to natural teeth and the setting of a jaw fractured in such accident or, (2) hospital charges incurred during a hospital confinement required in connection with dental surgery. (Emphasis supplied.)

This provision makes no reference to the limited definition of "incurred" in the insuring clause, but requires only that the treatment be begun within 90 days of the accident. The exclusion of one is the inclusion of the other.

If a fair reading of the policy would support coverage, then that is the reading we must give it. Where the insurance policy is susceptible of two constructions, one of which would effectuate coverage and the other not, it is the Court's duty to adopt that construction which will effectuate coverage. *Mollenauer* v. *Nationwide Mutual Insurance Company*, 214 Va. 131, 132 (1973); *White* v. *Blue Cross*, 215 Va. 601, 602 (1975). If Section IV, paragraph 7 conflicts with the restrictive definition of "incurred" in Section I, the ambiguous and doubtful language must be interpreted "most strongly" against the insurer. *Ayres* v. *Harleysville Mut. Cas. Co.*, 172 Va. 383, 389 (1939).

The Court is therefore of the opinion and holds that treatment by a duly licensed dentist, including hospital charges required in connection therewith, are covered if the course of the treatment was begun and the future services were reasonably foreseeable as a continuation of services begun within 90 days of the accident, although the actual rendering of the services might be postponed, in the wisdom of the treating dentist,

beyond the termination date of the policy. *Hoehner* v. *Western Casualty and Surety Co.*, 155 N.W.2d 231 (Mich. 1967). Whether particular services fall within this holding may present individual factual questions.