## CIRCUIT COURT OF HENRICO COUNTY

Larry A. Bowles

v.

Consolidated American Ins. Co.

January 19, 1988

Case No. A-2167

By JUDGE JAMES E. KULP

This case is before the Court to determine whether certain property claimed by the plaintiff is covered under an insurance policy issued by the defendant, and if so, whether plaintiff has carried his burden of proving a loss.

The defendant issued a Special Multi-Peril Policy covering the period June 8, 1984, to June 8, 1987, to B & F Auto Parts, Inc., a corporation. Plaintiff is the owner of B & F Auto Parts, Inc., and an officer in the corporation.

Prior to 1975, Plaintiff had a business in Maryland which manufactured fiberglass tub and shower enclosures. This business ceased in 1974 due to a fire. Plaintiff alleges that he brought some of the fiberglass tub and shower enclosures to Virginia and placed them on the property of B & F Auto Parts, Inc., where they were destroyed by a fire on March 20, 1985.

A. *Would Plaintiff's Property Be Covered By The Policy?*

Both parties refer to the provision of the policy which provides:

*Personal Property of Others*: This insurance shall cover for the account of the owners (other than the named insured) personal property belonging to others in the care, custody, or control of the insured, while (1) in or on the buildings, or (2) in the open (including with vehicles) on or within 100 feet of the designated premises.

*See* Section 1- General Personal Property Form; I. Property Covered.

Plaintiff testified that he placed some tub and shower enclosures beside the building of B & F Auto Parts; that these did not belong to the corporation but were his personal property; and that they were stored there for his convenience.

There is no question in the Court's opinion that plaintiff is an owner, other than the named insured, as referred to in this policy provision. The Policy shows on the Declarations that the named insured is B & F Auto Parts, Inc., and that the named insured is a corporation. Since B & F Auto parts, Inc., is the named insured, then everyone else must be someone other than the named insured.

Under the evidence in this case, the Court finds that plaintiff's personal property would have been in the care or custody of the insured. "Custody of things means to have them in charge -- safekeeping. It implies temporary physical control merely, and does not connote domination, or supremacy or authority, as does possession in its full significance." *Aetna Insurance Co. v. Kaplan*, 206 Va. 1, 3 (1965). Plaintiff testified that the tub and shower enclosures were his personal property which he stored on the premises for his own convenience. Therefore, the insured would have been in custody of these items.

In passing, the Court notes that the defendant may not have intended that this policy cover the warehousing of property such as alleged in this case. But the Court is unable to find any exclusion in the policy, and none has been brought to the Court's attention. Policy provisions are strictly construed against the insurer, and courts will adopt a construction which will afford coverage. *See White v. Blue Cross*, 215 Va. 601 (1975).

## B. *Did Plaintiff Establish A Loss?*

The evidence in this case to support the claimed loss came from the plaintiff. He testified that he had placed some tub and shower enclosures next to the insured's building. The plaintiff was uncertain of the number of units but estimated there were 18 units. He based his estimate on the size of one unit and compared it with the size of the area which he claims was occupied by the units. *See* Plaintiff's Exhibit 6.

Preston Harper, the agent who sold the policy to the insured, testified that he had been to the premises but had not seen any tub and shower enclosures. This testimony is significant since plaintiff testified that Mr. Harper had been at the side of the building where these units were alleged to have been stored, and anyone could see them.

The Court also heard the testimony of Charles Craig. Mr. Craig is a casualty adjuster who has been adjusting claims since 1960. Mr. Craig testified he went to the scene of the fire within forty-eight hours and conducted an examination that lasted two hours. Mr. Craig testified that he was familiar with fiberglass fires, and that while he examined the area where the fiberglass units were supposed to have been, he found no fibers which would have been left by a fire.

The Court has also examined photographs of the side of the building where plaintiff claimed the tub and shower units were stored. Plaintiff's Exhibits 4 and 5. These photographs do not show any sign of smoke or fire residue along the wall where plaintiff claims his property was stored. The court considers this evidence significant since the testimony of both the plaintiff and Mr. Craig was to the effect that fiberglass burns hot. Plaintiff's exhibit 6 shows that plaintiff's property bordered some twenty-five feet along the side of the wall of the building, yet there is no smoke or fire damage shown in the photographs.

The party bringing a suit has the burden of proving his claim. In this case, the court is of the opinion that plaintiff has not borne the burden of proving his claim. The court finds from the evidence that no tub and shower

enclosures were where plaintiff claims they were. The overwhelming evidence is simply to the contrary. Accordingly, the Court will enter judgment for the defendant.